Pollard *v.* Wilder.

ISAAC POLLARD, *qui tam, v.* EDWARD L. WILDER.

The statute, which requires a certificate to be made upon a writ of the "day, month and year when the same was signed," is one affecting the remedy,— and the statute in force at the time the action is commenced must govern.

A certificate of the day, month and year when the writ was *exhibited* to the magistrate signing it, is not a compliance with that section of the Revised Statutes which requires a minute to be made upon such writ of the time when the same was *signed* ;*—and a certificate, defective in this respect, cannot afterwards, and after the action is entered in court, be amended, so as to comply with the statute.

But the motion to dismiss an action for want of the proper certificate upon the writ must be regarded in the nature of a plea in abatement, and, if not made at the time, and agreeably to the rules of court governing dilatory pleas, will be considered as waived.

THIS was an action of debt, brought to recover the penalty given by statute for being party to a fraudulent conveyance. The action was commenced subsequent to the time when the Revised Statutes came in force, but the cause of action accrued prior to their enactment. The magistrate, who signed the writ, indorsed upon it and signed a minute in these words ;—"The within writ was exhibited to me this thirteenth day of 'May, in the year of our Lord eighteen hundred and forty one." The writ was made returnable at the May Term of Windsor County Court, 1841, and was, at that term, entered in court; an appearance was entered for the defendant, and the case was continued to the November Term, 1841, for trial.

*See *Montpelier* v. *Andrews*, 16 Vt. 604, and note.

At the November Term, 1841, the defendant filed a motion to dismiss the suit, for want of a sufficient minute upon the writ of the time when the same was signed by the magistrate issuing it. The plaintiff then moved that the magistrate have liberty to amend his certificate, so as to show that the writ was *signed* by him on the day that it appeared, from the certificate indorsed, to have been *exhibited* to him. But the court overruled the motion to amend, and, *pro forma,* dismissed the action ; to which the plaintiff excepted.

*P. T. Washburn* for plaintiff.

The plaintiff insists,

1, That no minute of the time when the writ was signed by the magistrate was necessary. The action is founded upon the seventh section of the statute of 1821 ; Slade's St. 266 ; and the legislature, by the statute of 1808,—Sl. St. 292, have enacted, and this court, in *Forbes et al.* v. *Davison,* 11 Vt. 660, have expressly decided, that actions for the offence specified in that section are not within the fifth section of the statute of limitations,—Sl. St. 289,—making such minute necessary. It is true the Revised Statutes, which came in force previous to the commencement of this action, in cases similar to it require a minute of the time of signing ; [Rev. St. 304, § 5 ;] but they expressly except all rights *previously accrued ;* [Rev. St. 510, § 5 ;] providing only that the *proceedings,* when *necessary,* should be conformed to their provisions. But the plaintiff insists that such a minute upon the writ is neither part of the *proceedings* in the case, nor *necessary,* nor in any way material to the issue.

2, But that, if the Revised Statutes do govern, the minute which the magistrate put upon the writ was sufficient. If the object of such a minute is to enable the court to decide, by inspection, whether the statute of limitations has run upon the offence charged, that object is well answered by the minute put upon the writ in this case, when the fact certified to in that minute ·is coupled with the fact that the writ is before the court, actually signed, and service regularly made upon the same day specified in the minute.

3, But that, at all events, the defendant has *waived* his right to have the action dismissed, by entering an appearance at the first

7

term, and obtaining a continuance of the cause *for trial*, without interposing his motion. By the statute of 1797 the want of the minute, when necessary, made the process *void ;* but by the Revised Statutes this is no longer a fatal defect, but a mere irregularity, to be taken advantage of by the defendant, or to be waived by him, at his option ; Sl. St. 289, § 5 ; Rev. St. 304, § 5 ;—and coming, as it does, within the general definition, of irregularity,—1 Tidd's Pr. 511, 512,—it must be governed by the rules prescribed by the court in similar cases. *Jennison* v. *Hapgood*, 2 Aik. 31. *Kellogg ex parte*, 6 Vt. 509. *Wilson* v. *Laws*, Salk. 59. *Hampay* v. *Kenning*, 18 E. C. L. 318. *Gehegan* v. *Harper*, 1 H. Bl. 251. *Fox et al* v. *Money*, 1 B. & P. 250. *Gilbert et al. v. Nantucket Bank*, 5 Mass. 97. *Forbes et al.* v. *Davison*, 11 Vt. 660. *Wright* v. *Warren*, 3 M. & Scott, 163, [30 E. C. L. 282.] *Doe* v. *Johnson et al.*, 3 Doug. 383, [26 E. C. L. 154.] *Caswall* v. *Martin*, 2 Str. 1072. 2 Saund. 15, n. 2. *Dana* v. *Barnes*, 6 Taunt. 5, [1 E. C. L. 291.]

4. That the magistrate should have been permitted to amend according to the fact. The signing such a minute is a mere ministerial act on the part of the magistrate, and, as such,—*Per* EYRE, J., in *Phillips* v. *Smith*, 1 Str. 136,—is, at common law, amendable at any time, and there is, at common law, no difference, as to the doctrine of amendments, between penal and other actions, when there is any thing to amend by. 1 Tidd's Pr. 710. 1 Str. 136. 2 Str. 1227. *Per* LD. MANSFIELD, in *Bennet q. t.* v. *Smith*, 1 Burr. 402. *Bondfield q. t.* v. *Milner*, 2 Burr. 1098. *Wright q. t.* v. *Horton*, 2 E. C. L. 443. *Manners q. t.* v. *Postan*, 3 B. & P. 342. The only object of *mesne* process is to bring the party into court ; 1 Str. 161 ; and this object having been attained in this case, and the defendant having procured the cause continued for trial, the court, by permitting the amendment, "would only have made that right, which the defendant himself understood to be so," when he obtained the continuance ; *Per* LD. MANSFIELD, in *Sayer* v. *Pocock*, Cowp. 407.

*D. Kellogg*, and *C. French* for defendant.

By the Revised Statutes, page 304, sect. 8–10, the justice who

Pollard *v.* Wilder.

signs the writ, in cases like the present, "shall enter upon it a true minute of the day, month and year when the same was signed;"— that is, when such action shall be commenced, the minute shall be made, &c.,—at the *time*, and not after. The action is commenced when the writ is signed. *Allen* v. *Mann*, 1 D. Ch. 94.

From 1797 to 1808 the statute was the same as it is now, except that the expression "shall on motion be dismissed" has been substituted for the expression "shall be void." Under the statute of 1797 the decisions were uniform, holding the prosecutor to a strict compliance with its terms, and holding the writ *void* in case of non-compliance. *Hall* v. *Brown*, 2 Tyl. 64. *Bowen* v. *Fuller*, Ib. 85. *Denton et al.* v. *Crook*, Brayt. 188. *Hall* v. *Adams*, 1 Aik. 68. If, then, the writ would have been void under the statute of 1797, we think, most clearly, under the present statute it must, on motion, be dismissed.

The motion to dismiss is not in the nature of a plea, but may be made at any time pending the action. *Treasurer* v. *Cook*, 6 Vt. 282. 1 D. Ch. 37. *Dassance* v. *Gates*, 13 Vt. 275. 2 Tyl. 64, 85. *Hubbell* v. *Gale*, 3 Vt. 266.

The motion for leave to amend cannot, we think, be legal,—since the effect of such an amendment would be, virtually, to repeal the statute.

The opinion of the court was delivered by

HEBARD, J. The statute in force at the time the action is commenced, and not the statute in force at the time of the alleged fraudulent sale, must determine what certificate is to be made upon the writ by the magistrate. The statute, in this respect, goes merely to the *remedy*, and not to the *right*. And upon this point the statute is direct and positive. The Revised Statutes, page 304, sec. 9, provide that, " when any action *shall be* commenced in any of the cases mentioned in this chapter, the clerk, or magistrate, signing the writ, shall enter upon it a true minute of the day, month and year when the same was signed. This provision is evidently made with reference to the time when the action is commenced, and has no reference to the time when the alleged fraudulent sale took place; and a certificate of the day, month and year when the

Pollard *v.* Wilder.

writ was *exhibited* is not a compliance with the statute. The statute requires a certain certificate to be made, and we might as well come to the conclusion that none was necessary, as that a different one would answer.

The next inquiry is, whether this certificate, thus defectively made, was subject to be amended. The amendment proposed was not matter of *form,*—it went to the whole substance of the certificate. The statute in criminal proceedings is, that the magistrate shall make a true minute of the day, month and year when the complaint, information, or indictment, was *exhibited*; but in case of a *civil action*, brought to recover a *penalty*, the magistrate is required to enter upon the writ the time when it was *signed*. These requirements in the two cases are different and distinct, and are positive requirements of the law; and a certificate of the time when the writ was *exhibited* is no part compliance with the law which requires a certificate of the time when the writ was *signed*;—and to permit the magistrate, after the writ was entered in court, to alter the certificate in that respect would be in effect to permit him to make a certificate, where none had in fact been made.

The only remaining point to be considered, and the principal one in the case, is, whether the motion of the defendant to have the action dismissed came too late.

The action was entered in the County Court, May Term, 1841, and was there continued to the November Term for trial; and at the November Term the defendant moved the court to dismiss the action for want of a proper certificate upon the writ. The provision of the statute is, that "every bill, complaint, information, indictment, or writ, on which a minute of the day, month and year shall not be made, as provided by the two preceeding sections, shall, on motion, be dismissed;" (Rev. Stat. chap. 67, sec. 10.) The phraseology is very materially changed from the statute of 1797. The phraseology in that statute is that "every bill, complaint, information, indictment, or original writ, on which a minute of the day, month, and year shall not be made, as aforesaid, *shall be void,* [Slade's St. 289, § 5.] The difference between the proceedings being void, and being liable to be dismissed on motion, cannot be disguised; and so palpable a change of the language of the Revised

Pollard v. Wilder.

Statutes from the old law can hardly be supposed to be accidental. If the writ is void, it of course is subject to the consequences of its imperfections at any stage of the proceedings. If the writ is not necssarily *void*, but possesses some imperfection that must be met by an introductory proceeding, there must be a time in which the notice of the court is to be called to the defect. This *motion to dismiss* must be regarded in the nature of a *plea in abatement*, and be interposed before an *imparlance* in the case, and agreeably to the rules of court regulating such pleas, or it must be in the nature of a *motion in arrest*, and be interposed after verdict. But it does not seem to assimilate itself to the latter, that motion being founded upon some supposed insufficiency of matter, set forth in the declaration, or pleadings, to sustain a judgment.

This *motion to dismiss*, therefore, under the present provision of the statute, as it regards the effect upon the action, must be regarded in the nature of a *plea in abatement*. This certificate upon the writ is a statutory requirement, to be sure, but, like the statute requiring recognizance to be taken upon the issuing a writ, a want of it must be taken advantage of in proper time,—and if not so taken advantage of, it is understood to be waived. The statute provides, that, if a writ shall issue without a proper recognizance being taken, on motion it shall abate; but that motion must be made in conformity with other pleas in abatement,—which is before there has been a *general imparlance*. 1 Tidd's Pr. 462. " When the writ is *de facto a nullity*, so that the judgment thereon would be *erroneous*, then the writ is *de facto abated*;—but when the writ is not *abateable*, it must be abated by pleading in time." 1 Bac. Abr. 10. Judgment reversed, and cause remanded for trial.