GEORGE L. JOHNSON *v.* A. D. SMITH, ET AL.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, and POWERS, JJ.

Opinion filed November 2, 1905.

*Vested Rights—Law of Procedure—Statutes—Retroactive Effect—Death of Judge—Inability to Procure Exceptions —No. 35, Acts 1902.*

No person has a vested right in any particular course of procedure for obtaining a remedy.

A statute which only changes the mode of judicial procedure for the enforcement of a right, and in no way affects the right itself, has retroactive effect, and applies to actions pending at its passage,— in the absence of a saving clause.

It was only as a part of the law of procedure that, before the enactment of No. 35, Acts 1902, a party who was precluded from seasonably filing his bill of exceptions was entitled to a new trial, hence he could have no vested right to that remedy.

This case was tried in county court in June, 1900, and resulted in a verdict for defendants, whereupon plaintiff moved to set aside the verdict for alleged misconduct of the jurors, and the case was entered "with the court," and held by the presiding judge till his death, after which, and at the December Term, 1900, defendants moved for judgment, and plaintiff having abandoned his former motion, moved for a new trial, on the ground of his inability to obtain a bill of exceptions. The court, as matter of law, overruled defendants' motion, and granted that of plaintiff. *Held* error; for No. 35, Acts 1902, which provides that, upon the death of the trial judge, any judge of the Supreme Court may allow exceptions, is retroactive and applies to this case, and therefore, plaintiff's motion was groundless.

GENERAL ASSUMPSIT. Pleas, the general issue, payment, Statute of Limitations, and declaration in offset. Trial by jury at the June Term, 1900, Caledonia County, *Taft,* J., presiding. Verdict for defendants. Whereupon plaintiff moved to set the verdict aside on account of the alleged misconduct of the jury. On this motion the case was entered "with the court," to be heard after testimony had been taken in support of said motion. No testimony was ever taken, and the case was "with the court" when Judge Taft died, March 22, 1902.

At the December Term, 1903, *Watson,* J., presiding, plaintiff having abandoned his said motion, defendants moved for judgment on the verdict, and plaintiff moved to set aside the verdict, and asked for a new trial, on the ground that he had been precluded from obtaining his bill of exceptions by the death of Judge Taft. The defendants' motion was overruled, as matter of law, to which defendants excepted. Plaintiff's

motion was granted as matter of law, to which defendants excepted.

*J. P. Lamson,* and *May & Hill* for the defendants.

Plaintiff's exceptions could be reviewed by a writ of error, hence he has an ample remedy. *Smith* v. *Keyes,* 2 Aik. 77; *Beckwith* v. *Houghton,* 11 Vt. 602; *Esterbrooks* v. *Ins. Co.,* 74 Vt. 202; *Blodgett* v. *Adams,* 24 Vt. 23; *Small* v. *Hasking,* 35 Vt. 172; *Carpenter* v. *Dale,* 13 Vt. 578; *Snow* v. *Carpenter,* 54 Vt. 17.

*Dunnett & Slack* for the plaintiff.

A new trial will be granted where a party is prevented from obtaining his bill of exceptions by the death of a judge. 1 Jacb. Fish. Dig. Col. 1050; 14 Enc. Pl. & Pr., 736; *Hake* v. *Strubel,* 12 N. E. 676.

No. 35, Acts 1902, is not retroactive, and so does not apply to this case. End. Int. Sts. § 271; *Dash* v. *Van Kleeck,* 7 Johns. 503; *U. S.* v. *Heth,* 3 Cranch, 399.; *Sohn* v. *Watterson,* 17 Wall. 598; *Chew Heong* v. *U. S.,* 112 U. S. 559; *Richardson* v. *Cook,* 37 Vt. 599; *Briggs* v. *Hubbard,* 19 Vt. 86; *Sturges* v. *Hull,* 48 Vt. 302.

POWERS, J.   The defendants obtained a verdict at the June Term, 1900, of Caledonia County Court, which the plaintiff moved to set aside for misconduct of certain of the jurors and of the officer who had them in charge. With this motion pending, the case was entered "with the court," and was held by the late Chief Judge TAFT, who presided at the trial, until his death. So no judgment had been entered upon the verdict, and no bill of the exceptions taken by the plaintiff during the course of the trial had been signed. In these

circumstances, as the law then stood, the plaintiff was without means of having the case reviewed in this Court, and was, therefore, entitled to have the verdict set aside and a new trial granted. See *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793, and cases cited. But before the plaintiff took further action in the matter, No. 35, Acts of 1902, became effective. By this act it is provided that "In case of the decease of a judge of the Supreme Court, any judge of that Court may allow or amend exceptions in a case tried by such deceased judge." At the December Term, 1903, of Caledonia County Court, the plaintiff having withdrawn his former motion, the defendants moved for a judgment on the verdict, and the plaintiff moved to set aside the verdict and for a new trial. The latter motion being based on the plaintiff's inability to obtain a bill of exceptions on which to have his case heard in this Court. The defendants' motion was overruled, and the plaintiff's granted—both questions being ruled as matter of law. The case is here on the defendants' exceptions to these rulings.

The determination of the question thus presented depends upon the character of the right which entitles an excepting party to a new trial when the presiding judge dies without signing the bill. For if the right is a vested one it is beyond the reach of the Legislature, and the act of 1902 could not divest it. On the other hand, if it springs simply from a rule of procedure, the act of 1902 applies, and the plaintiff is provided with ample means for the prosecution of his exceptions, and the necessity, upon which is based the right to a new trial, is removed, and the reason for such procedure fails. While it is true as a general rule of construction that retroactive effect is not favored in the absence of terms clearly indicating such legislative intent, it is equally true that

a statute which is designed to change the mode of judicial procedure only, where such change relates to the method of enforcing a right and does not affect the right itself, applies to causes of action which accrued prior to its enactment as well as to those which accrue thereafter, and takes effect upon a pending action as it stands when the act becomes operative,—in the absence of a saving clause. *Richardson's Admr.* v. *Richardson's Exrs.*, 37 Vt. 599; *Murray* v. *Mattison*, 63 Vt. 479, 21 Atl. 532; *Willis* v. *Fincher*, 68 Ga. 444; *In re Savings Bank*, 69 N. H. 84. Our statute, V. S. 28, is in harmony with this rule of construction, for while it provides, speaking generally, that no act of the General Assembly shall affect pending suits, it expressly excepts from its provisions acts regulating "practice in courts,"—a term broad enough to cover all matters of judicial procedure.

The rule granting a new trial under the circumstances here existing seems to have received its first announcement in *Newton et ux.* v. *Boodle et al.*, 54 E. C. L. 795, decided in 1847. The case was tried before Chief Justice TINDAL, who ordered a verdict for one of the defendants, to which the plaintiffs excepted. A bill of exceptions was prepared and presented to the lord chief justice, but he ultimately died without having sealed the bill. Thereupon, after some delay, judgment having been signed, the plaintiffs moved for a rule upon the defendants to show cause why, among other things, the judgment should not be set aside and a new trial granted. In granting the rule, Chief Justice WILDE used this language: "If it should turn out, upon examination, that the plaintiffs have, without any fault of their own, but solely from the circumstance alluded to lost the benefit of their bill of exceptions, the court think that the justice of the case may require that they should have an opportunity to try the cause

again.  At the same time, it is to be observed that there was
an interval of nearly seventeen months between the day of the
trial and the decease of the late chief justice; and it is rather a
fearful thing to say that the whole proceedings should be re-
opened after so great a delay.  As, however, we have not
the facts sufficiently before us to enable us to determine how
far the plaintiffs are to be held responsible for this delay, and
with a view to prevent a failure of justice by reason of the
happening of an event beyond human control, we think a
rule may go, calling upon the defendants to show cause why
there should not be a new trial upon the point as to the suffi-
ciency of the evidence to fix Norman."  It is apparent from
this language that the learned chief justice did not consider
that the plaintiffs had a vested right to a new trial, or even a
fixed right.  Else why did he allude to the delay in their ap-
plication?  Certainly a delay of seventeen months would not
forfeit a right which had become vested within the meaning
of the law.  Vested rights are not thus easily taken away.
More significant still is the fact that upon hearing a new trial
was refused in this case, because it appeared from the minutes
of the presiding judge that there was no error in ordering a
verdict for the defendant Norman.  This result could not
have been reached if the Court had considered that the plain-
tiffs were entitled to a new trial as a matter of right at all,
for in that case the question of misdirection would have been
entirely immaterial.

A little later, Chief Justice WILDE himself, left *Benett* v.
*Steam Boat Co.,* 16 C. B. 29, in the same plight, and a new
trial was granted,—apparently on the authority of *Newton*
v. *Boodle,*—but there is nothing in the case to aid us here.
The rule thus established has been generally followed in this
country as is shown in the opinion in *Nelson* v. *Marshall,*

*supra*, and in *State* v. *Weiskittle*, 61 Md. 51, there cited, this significant language is used: "It is the established practice, both in England and this State" to grant new trials under these circumstances. This language indicates pretty clearly that the Maryland Court did not regard the right as a vested one, but rather as a rule of practice, merely. And this, we think, is the logic of it. The procurement of a bill of exceptions, with a proper signature, for the consideration of this Court, is one of the steps in the orderly progress of the case to its final determination. A statute which extends the means or opportunity of obtaining such a bill is remedial in its character and should be liberally construed. It extends rather than restricts the plaintiff's rights. It affects the remedy only, it is not repugnant to the statute, and it does not disturb a vested right, for there is no such thing as a vested right in a particular procedure. Endl. Interp. St. § 285; *Lee* v. *Buckheit*, 49 Wis. 54.

In reaching this conclusion we have not overlooked *People* v. *Judge*, 40 Mich. 630, where a contrary result is arrived at on the precise question here presented, or *Yeatman* v. *Day*, 79 Ky. 186, which is in conflict with the views herein expressed. But notwithstanding these very respectable authorities to the contrary we hold that the provisions of the act of 1902 apply to this case, and that the court erred in denying the motion of the defendants and in granting that of the plaintiff.

*Judgment reversed and cause remanded.*