MOUNT IDA SCHOOL, INC. *v.* GILMAN ET AL.

November Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, and SLACK, JJ.

Opinion filed January 12, 1924.

*Pleading—Amendment to Practice Act Permits Inconsistent Defenses—Schools—Representations As to Quality of Board—Rebuttal—Harmless Error—Instructions—Burden of Proof As to Whether Person Became A Student—What Constitutes Becoming A Student in A School—Court's Charge to Be Considered As A Whole—Erroneous Statements in Charge May Be Cured By Other Parts of Charge.*

1.    Although at the time a defendant filed an answer, consisting of the general issue and notice of the special defense of fraud, which was not allowable as the Practice Act then stood, No. 72, Acts of 1921, amended the Practice Act so that inconsistent defenses may be set up in the answer, and such amendatory act, being one that merely affected the method of judicial procedure and containing no clause limiting its application, had retroactive effect, and applied to all actions then pending, so that all matters covered by the notice were available to the defendant, when no question was made that they were not properly set up in the answer.

2. In an action by a boarding school for breach of contract respecting the sending of defendant's daughter to the school for the school year, where defendant claimed that plaintiff misrepresented that the board was of the best quality, and such representation applied to the whole school year, if, taking the year as a whole, the board was of the quality specified, it was no defense that on occasion the board fell under that standard.

3. In such action, the defendant having introduced evidence tending to show that during the time defendant's daughter was at the school from a Tuesday until the next Friday, the board was not as represented, evidence offered by plaintiff in rebuttal, from a witness who had been a frequent visitor at the school during the year in question and had eaten meals there on such occasions, as to the quality thereof, was admissible to impeach defendant's witnesses and to show that plaintiff met the requirements of such representation.

4. The exclusion of such evidence, offered in rebuttal, was harmless, where the whole subject of board was on the evidence, of too little consequence to have influenced the verdict.

5. In an action by a boarding school for breach of contract with respect to sending defendant's daughter to such school, the court erred in instructing the jury that the burden was on the plaintiff to show that such daughter became a student in plaintiff's school, where no claim was made until after such instruction that she had not become a student, and the evidence was all one way indicating that she did become a student.

6. Where a contract was made with a boarding school to take a girl as a pupil, and thereafter she enrolled as a pupil, a room was assigned to her, she presented herself, was received, took and occupied her room, took her seat at the table, consulted the teachers, arranged for her books, and attended classes, nothing more was required to constitute her a student in the school.

7. A charge is to be taken as a whole, and although a portion of the charge, standing alone, is erroneous, an exception thereto will not be sustained if the charge as a whole is sound, unless it appears that the jury was misled.

8. In an action for breach of contract, an instruction that it was for plaintiff to show that "it has fulfilled its part of the contract," although erroneous, does not require a reversal, where, in a later part of the charge, the jury was correctly told that plain-

tiff must show it was ready and willing to perform its contract according to its terms.

ACTION OF CONTRACT. Plea, the general issue with notice of special defenses. Trial by jury at the December Term, 1922, Caledonia County, *Butler*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Shields & Conant* for the plaintiff.

*Porter, Wilters & Longmoore* for the defendant.

POWERS, J.   The plaintiff seeks recovery under a contract with the defendant, Nellie Gilman, by which it agreed to take her daughter, Alene Gilman, as a pupil in its boarding school at Newton, Mass., for the year commencing September 26, 1918. The complaint is in contract and the answer is the general issue with a notice of the special defense of fraud. A jury trial resulted in a verdict and judgment for the defendant. The plaintiff alleges error.

The court below admitted evidence tending to show that the contract was induced by fraud as alleged in the notice, charged the jury that, if established, this would amount to a defense, and submitted the question of fraud to the jury—to all of which the plaintiff excepted on the ground that fraud was not an issue under the pleadings, because the general issue alone was properly in the case.

[1] When the defendant's answer was filed (Dec. 9, 1919), the Practice Act did not allow a general issue with notice of special defenses. *Dernier* v. *Rutland Ry. Lt. & Pr. Co.*, 94 Vt. 187, 110 Atl. 4. A pleader could not then deny, and confess and avoid the same allegations of the complaint. *McDonough* v. *Hanger*, 94 Vt. 195, 111 Atl. 452. The general issue had only the force of a general denial, and all affirmative defenses, like fraud, had to be set up in the answer. *Burlington Grocery Co.* v. *Lines*, 96 Vt. 405, 120 Atl. 169. But when the trial under review took place, in December, 1922, No. 72, Acts of 1921, was in force. By this, the Practice Act was so amended as to allow inconsistent defenses to be set up in the answer. So all the matters

covered by the notice were available to the defendant, if properly set up in the answer—as to which no question is here made—for the amendatory act, being one that affected the method of judicial procedure, merely, and containing no clause limiting its application, had retroactive effect, and applied to this and all other actions then pending. *Johnson* v. *Smith*, 78 Vt. 145, 62 Atl. 9, 2 L. R. A. (N. S.) 1000, and cases cited.

[2-4]   One of the representations set up in the notice and relied upon by the defendant was that the board furnished the pupils was of the best quality. It appeared at the trial below that Miss Gilman was at the school from Tuesday until Friday, only. ᐧThe defendant gave evidence tending to show that during that time the food was insufficient and of poor quality. In rebuttal, the plaintiff improved as a witness Maude Chalmers who testified that she was a frequent visitor at the school during the year 1918-1919, and had eaten meals there during that time. She was then asked as to the character of these meals, and the defendant objected on the ground that the inquiry should be confined to the time when the Gilmans were there. This objection was sustained, the testimony was excluded, and the plaintiff excepted.

The representation regarding board was not confined to any particular time or period, but applied to the whole school year. It was not to be tested by a single meal or a particular day. If, taking the year as a whole, the board was of the quality specified, it would be no defense to this action, that, on occasion, it fell under that standard. So the force and importance of the testimony on this subject, given by Mrs. Gilman and her daughter, lies in its tendency to show that the board, generally, was not as represented. To meet it, the evidence offered was admissible, though it only referred to a few isolated occasions. For what it was worth, it would tend to impeach the testimony of the witnesses above referred to, and to show that the plaintiff met the requirements of its representation on this subject. But it is not shown that the plaintiff was prejudiced by the exclusion. The whole subject of the board was, on the evidence, of too little consequence to have influenced the verdict and this exception is unavailing.

[5, 6]   The court charged the jury that the burden was on the plaintiff to show that Miss Gilman became a student of the

school, and submitted this as the first question for determination. This was excepted to on the ground that the defendant had made no claim that she did not become a student, and that the uncontradicted evidence showed that she did.

Assuming that this question was within the issues made by the pleadings, and assuming that it was an essential element of the plaintiff's right of recovery—questions on which we express no opinion—the instruction was erroneous. No claim had been made by the defendant, either in the opening statement, during the progress of the trial, or in argument that Miss Gilman did not become a pupil of the school. No suggestion to that effect had been made until the court gave the instruction referred to. On the contrary, both court and counsel assumed that she did become a student and spoke of her as such.

This fact, alone, would not, of necessity, make the instruction erroneous, though it might make the propriety of it open to question. The error inheres in the fact that the evidence was all one way on the subject, and there was nothing to go to the jury. The contract was closed, the girl was enrolled as a pupil, a room was assigned to her, she presented herself, was received, took and occupied her room, took her seat at the table, consulted the teachers, arranged for her books, attended classes. What more was required? Nothing is suggested, and we think of nothing.

We are convinced that this error was harmful. The transcript indicates that it may have been made the basis of the verdict, for it shows that after the jury had retired with the case, it returned into court; and the foreman having informed the court that the jurors were uncertain as to what constituted an enrollment in the school, asked to have read to them the evidence on that subject, which request was complied with.

[7, 8] The court charged the jury that it was for the plaintiff to show that "it has fulfilled its part of the contract." An exception was saved to this instruction on the ground that it was misleading, and that it should be that the plaintiff "was ready, willing and able to fulfill the contract." The plaintiff correctly stated the law, but it does not follow that reversible error resulted. The charge is to be taken as a whole; standing alone, this instruction is erroneous, but if, all in all, the charge is sound, the exception will not be sustained, unless it appears that the

jury was misled. *State* v. *Warner,* 91 Vt. 391, 101 Atl. 149; *Graves* v. *Waitsfield,* 81 Vt. 84, 69 Atl. 137; *Fassett* v. *Roxbury,* 55 Vt. 552. This well-established rule saves the instruction before us. It occurs in the opening paragraphs of the charge, and in a later part of the same the court told the jury that the plaintiff must show that it was ready and willing to perform its contract according to its terms. While it would have been safer and better to have corrected the inaccuracy when attention was called to it by the exception, we are unable to say that the jury was misled, and therefore hold that the error was cured.

*Reversed and remanded.*