ALICE FLANDERS *v.* NEWPORT TRUCKING CO.

Special Term at St. Johnsbury, April, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed May 7, 1930.

*Pierce & Miles* for the defendant.

*Searles & Graves* for the plaintiff.

POWERS, C. J. The plaintiff sues the defendant as a common carrier for the loss of certain household goods entrusted

438

to it, which were destroyed by fire while in transit. The only exception relied upon was taken to a certain instruction contained in the charge to the jury.

The defendant admitted at the trial that it had been a common carrier, but insisted that it had ceased to be such when it undertook to transport the plaintiff's goods. Adverting to this phase of the case, the court charged as follows: "One once a common carrier is no more liable in that character than any other person, if it be conclusively shown that he has abandoned the business." To this, the defendant excepted.

Standing alone, this instruction was erroneous for two reasons: It implied that the burden of proving the abandonment specified was on the defendant, whereas on the record it only carried the burden of evidence; and it required the fact to be established conclusively, whereas a preponderance of the evidence, only, would be required, even if the burden of proof was on the defendant. But a charge is not to be tested piecemeal, but as a whole; and if, when so considered it "breathes the true spirit and doctrine of the law," it will be sustained, unless we are convinced that the jury was misled. *Mt. Ida School* v. *Gilman*, 97 Vt. 331, 336, 123 Atl. 198, 200, and cases cited.

The court had already instructed the jury that there could be no recovery by the plaintiff unless the defendant was acting as a common carrier at the time in question; that the burden was on the plaintiff to establish that fact by a preponderance of the evidence; and had explained the meaning of the expression "preponderance of evidence." And the court subsequently charged that "unless you find by the measure of proof indicated that the defendant carried these goods in the capacity of a common carrier, why you need go no further, because the plaintiff in this case cannot recover unless the defendant is found to have been a common carrier on this particular occasion." In these circumstances, we repeat what we said in *Mt. Ida School* v. *Gilman, supra:* "While it would have been safer and better to have corrected the inaccuracy when attention was called to it by the exception, we are unable to say that the jury was misled, and therefore hold that the error was cured.

*Judgment affirmed.*