FRED E. TAYLOR *v.* CHARLES MAYHEW.

October Term, 1937.

Present: SLACK, MOULTON, SHERBURNE and BUTTLES, JJ., and
— SHERMAN, Supr. J.

Opinion filed November 2, 1937.

252

*Conant & Parker* for the plaintiff.

*Porter, Witters & Longmoore* for the defendant.

BUTTLES, J.  In this action of tort the plaintiff seeks to recover damages for personal injuries alleged to have been suffered as a result of being struck by defendant's automobile while plaintiff was a pedestrian on the concrete Memorial Drive, so-called, between St. Johnsbury and St. Johnsbury Center on October 31, 1935, at about 1.15 p.m.  The weather was clear.  The defendant was driving his Chevrolet automobile southerly on the westerly side of the highway at a speed not shown to have exceeded thirty miles per hour.  With him were three passengers.  The plaintiff was walking southerly on the easterly side of the road in the grass, two to four feet from the concrete.  While the plaintiff and defendant were still some distance apart a truck driven by

one Prescott and owned by Knowlton, who was also the plaintiff's employer, came from the south and met and passed the plaintiff, still on the easterly side of the road. Very soon after the truck had passed him the plaintiff turned sharply and started to cross the road almost at right angles to the direction thereof. As he reached a point on the concrete—whether just short of or beyond the middle is in dispute—plaintiff was struck by defendant's automobile and severely injured. The condition of defendant's car and the testimony of witnesses indicate that the right side of the front of the car came in contact with the plaintiff. Plaintiff testified that he had not crossed the center of the highway when he was struck. Defendant's evidence tended to show that plaintiff was near the middle of the west slab of cement when hit. Plaintiff testified that the Prescott truck was two or three cement blocks away when he started across, each block being some forty-five feet long, while defendant's witnesses testified that plaintiff started to run across directly in rear of the truck, one witness placing him as near as two feet. Defendant and his witnesses testified that when plaintiff came into view from behind the truck he was so close to defendant's car that the latter could not avoid running him down and he swung his car sharply to the left in an endeavor to do so, which brought his left front wheel some two or three feet easterly of the middle line of the road at the time of the impact.

Trial in county court was by jury with verdict and judgment for the defendant, and the case comes here on plaintiff's exceptions.

Plaintiff excepted to that portion of the court's charge wherein it is said, following the language of *Howley* v. *Kantor*, 105 Vt. 128, 131, 163 Atl. 628:

> "There was no regular crossing at the point where the accident happened and so a pedestrian attempting to cross there was required to exercise greater vigilance than if he had been crossing at a regular crossing. * * * At regular crossings, where pedestrians usually cross, the driver of a motor vehicle is required to be more vigilant in keeping a lookout for foot travelers than at points where there are no regular crossings. Where the vigi-

lance of the driver is somewhat relaxed the vigilance and watchfulness required of the foot traveler is correspondingly increased. This is due care under the circumstances.''

Plaintiff does not contend that the portion of the charge complained of stated the law incorrectly or that the place where the plaintiff attempted to cross was a regular crossing, but excepts on the ground that it does not appear that there ever were any regular crossings anywhere on this road. He argues that the charge as given was erroneous because it assumed and allowed the jury to assume that the plaintiff could have chosen a safer place to cross, viz., a regular crosswalk, and raises a standard of conduct for the plaintiff to observe not justified by either the evidence or the pleadings. We cannot agree with the plaintiff's conclusion, especially as the jury were elsewhere carefully and correctly instructed as to the respective rights and duties of a motorist and a pedestrian. They were told that ''the pedestrian and automobile driver have equal and reciprocal rights to the use of the highway—each is bound to use due care. * * * He [the plaintiff] is simply required to exercise for his own safety the measure of care that a prudent man would exercise under the same circumstances. * * * There is but one standard of care to be applied to a person crossing a street or highway, whether the person crosses at a regular crossing or some other place—the care and prudence of a prudent person under the circumstances.''

■ ■ ''A charge is not to be construed piecemeal. An instruction claimed to be erroneous must be read in the light of what is elsewhere said upon the subject.'' *In re Moxley's Will*, 103 Vt. 100, 114, 152 Atl. 713, 718. ''A charge is not to be tested piecemeal, but as a whole; and if, when so considered, it 'breathes the true spirit and doctrine of the law' it will be sustained unless we are convinced that the jury was misled.'' *Flanders* v. *Newport Trucking Co.*, 102 Vt. 437, 438, 150 Atl. 128; *Cummings* v. *Conn. Gen'l Life Ins. Co.*, 101 Vt. 73, 93, 142 Atl. 82; *Landry* v. *Hubert*, 100 Vt. 268, 279, 137 Atl. 97; *Mt. Ida School, Inc.* v. *Gilman et al.*, 97 Vt. 331, 335, 123 Atl. 198; *Clark's Admr.* v. *Wilmington Sav. Bk.*, 89 Vt. 6, 10, 93 Atl. 265. This exception is not sustained.

■ The second exception upon which the plaintiff relies is to the refusal of the trial court to set aside the verdict upon

the first two grounds stated in plaintiff's motion therefor, which are in brief that the verdict is against the weight of the evidence and that there is no evidence of sufficient probative value to warrant a verdict. Since the weight of the evidence determines its probative value these two statements apparently mean the same thing, and being addressed to the discretion of the trial court cannot be reviewed in this Court unless it is made to appear that the trial court has failed to exercise or has abused its discretion. *Bradley* v. *Blandin and Somerset Land Co.*, 94 Vt. 243, 257, 110 Atl. 309; *French* v. *Wheldon*, 91 Vt. 64, 68, 99 Atl. 232. These grounds would not warrant the granting of the motion unless a preponderance of the evidence tended to show freedom from contributory negligence. We cannot agree with plaintiff's contention that there was no evidence tending to establish his contributory negligence. Of course the burden was on the plaintiff to prove his freedom therefrom, but there was a substantial amount of affirmative evidence tending to show that he was guilty of such negligence. Two witnesses testified that while on the way to the hospital plaintiff said that he didn't look towards defendant's car and didn't see it until it struck him. On cross examination he testified as follows: Q. "Had you looked before it [defendant's car] struck you and as you got near the center you could have seen to the curve couldn't you?" A. "I could if the car hadn't struck me just as I turned to look." To be sure, he had previously testified that as he started to cross the road he looked south and then looked north, but if he did so it is apparent that he did not look effectively. Defendant's car may then have been hidden by the Knowlton truck, but if so he could not assume that the road was clear. The defendant and three other witnesses testified that plaintiff was well over the middle line on the defendant's side of the road when he was hit, which was corroborated to some extent by the conceded fact that the damage to defendant's car caused by the impact was to the right front end and the testimony of several witnesses that when defendant's car was stopped the left front wheel was over on the easterly side of the road a distance varying from two feet to two-thirds of the width of the car. There was a blood spot on the cement apparently at the place where plaintiff fell after the impact. The witness Sherry places this blood spot on the easterly side of the middle line of the road.

All of the other witnesses who testified to seeing the spot, including the plaintiff's two sons and the Motor Vehicle Inspector who made observations and measurements testified that the whole of the blood spot—which was several inches in diameter—was westerly of the middle line. Clearly there was sufficient evidence to make the question of contributory negligence one for the jury, at least as against the plaintiff's motion. Perhaps this evidence was sufficient to have warranted the trial court in setting aside a plaintiff's verdict if one had been returned by the jury.

■ The third exception upon which the plaintiff relies is to the failure of the court to set aside the verdict as being against the law. Here he refers again to the alleged error in the court's charge regarding crosswalks and to plaintiff's claimed showing of freedom from contributory negligence which we have already discussed. His claim that defendant's estimate of plaintiff's distance from the truck when he came from behind it is demonstrated by the physical facts to be inaccurate is immaterial if there was substantial evidence in the case, as we hold there was, tending to show contributory negligence.

■ ■ The plaintiff further contends that the verdict is against the law because the trial court charged that inasmuch as the declaration charged the defendant with the commission of a crime, the presumption of his innocence was evidence in his favor which was to be considered by the jury in connection with the other evidence in the case. No exception was taken by the plaintiff to the giving of this part of the charge and no doubt it correctly stated the law as it had been interpreted in this State prior to that time. Since then this Court in the case of *Tyrrell* v. *Prudential Ins. Co.*, 109 Vt. 6, 192 Atl. 184, has modified the previously existing rule as to the probative value of presumptions. But all that is said in the motion as to this ground is that the verdict was against the law. This is too general. It was not sufficient to give the trial court opportunity to consider any errors claimed to have been made, and is not sufficient here for review. We therefore give this exception no further consideration. *Higgins* v. *Metzger*, 101 Vt. 285, 296, 298, 143 Atl. 394; *State* v. *Donaluzzi*, 94 Vt. 142, 148, 109 Atl. 57.

■ The defendant, testifying as a witness in his own behalf, said that when the car hit the plaintiff the latter was

■

directly in the middle of the road. He was then asked which slab he was on and over plaintiff's objection and exception he replied that he was on the west slab. Being asked to explain his testimony he then said that by the middle of the road he meant his half of the road, and that when he was hit plaintiff was on the west slab in the middle of that slab, all of which was subject to the objection and exception of the plaintiff. Plaintiff does not question but that it was within the discretion of the trial court to permit the witness to correct or explain the testimony previously given, and even to permit him to be recalled to the stand, if necessary, for that purpose. Plaintiff contends, however, that the later testimony was so contradictory of the earlier as to amount to a virtual impeachment. We do not so regard it. There was opportunity for confusion of thought on the part of the witness between middle of the road and middle of the defendant's lane of traffic and it was not error to permit him to explain and if necessary correct the statement he had first made. The same thing applies to the testimony of John Hancock, driver of a car going south immediately in the rear of defendant's car, who was recalled to the stand and allowed to make or attempt to make a similar correction of a similar statement previously made. In Hancock's case the attempted correction or explanation is not very clearly made but error does not appear.

*Judgment affirmed.*