**CENTRAL STEEL & WIRE CO. v. CITY OF DETROIT.**

**Civ. A. No. 9744.**

United States District Court
E. D. Michigan, S. D. Michigan.
Sept. 24, 1951.

---

Edward T. Goodrich (of Hill, Essery, Lewis & Andrews), Detroit, Mich., for plaintiff.

Paul T. Dwyer, Acting Corp. Counsel, John G. Dunn, Asst. Corp. Counsel, both of Detroit, Mich., for defendant.

THORNTON, District Judge.

Under date of September 24, 1951, an order was entered by this Court denying defendant's Motion to Dismiss the complaint filed herein, said determination being made upon briefs submitted by the respective parties and without the benefit of a hearing and argument in open court, whereupon the defendant moved for a rehearing, and in its motion for a re-hearing, augmented by oral argument, advances the following in support of its motion to dismiss:

"In the opinion denying defendant's motion, the Court erred in the application of and deductions drawn from the United States Supreme Court decision in Lionel G. Ott, Commissioner of Public Finance, et al., Appellants v. Mississippi Valley Barge Line Company, et al., Appellees, 336 U.S. 169–175, [69 S.Ct. 432] 93 L.Ed. 585, in this respect, that Mr. Justice Douglas, who wrote the opinion, says at page 175 in the U.S.Rep. [at page 435 in the S.Ct.Rep.] (being page 590 of the L.Ed.) : 'Appellees do not suggest an absence of any administrative or judicial remedy in Louisiana to correct errors in the assessment. * * * *The District Court does not sit to police them.* * * *.' "

The Ott v. Mississippi Barge Line cases were suits instituted in the District Court, based on diversity of citizenship, *to recover allegedly unconstitutional state taxes which had been paid under protest,* and the Supreme Court of the United States entertained the appeal in these cases and made a determination in them without questioning its jurisdiction to hear the matters. However, " * * * there is an ever present duty upon the court to satisfy itself that it is acting within the scope of jurisdiction conferred upon it by law." B. J. Van Ingen & Co., Inc. v. Burlington County Bridge Commission et al., D.C., 83 F. Supp. 778, 787. It may therefore be assumed that the Supreme Court was satisfied that federal jurisdiction existed.

That portion of the decision of the United States Supreme Court withdrawn by the defendant in support of its contention that this Court erred in denying its motion to dismiss must be read in context as follows:

"It is said in this case that the visits of the vessels to Louisiana were sporadic and for fractional periods of the year only and that there was no average number of vessels in the state every day. The District Court indeed said that there was no showing that the particular portion of the property sought to be taxed was regularly and habitually used and employed in Louisiana for the whole of the taxable year.

*"We do not stop to resolve the question.* (Emphasis supplied.) Louisiana's Attorney General states in his brief that the statute 'was intended to cover and actually covers here, an average portion of property permanently within the State—and by permanently is meant throughout the taxing year.' Appellees do not suggest an absence of any administrative or judicial remedy in Louisiana to correct errors in the assessment. * * * The District Court does not sit to police them. * * *" Ott, Commissioner of Public Finance, et al. v. Mississippi Barge Line Co. et al., 336 U.S. 169, 175, 69 S.Ct. 432, 435.

In the opinion of this Court there is a vast difference between "errors in a tax assessment" and the "unconstitutionality of a tax assessment". The Supreme Court apparently took the view that the foregoing was completely collateral to the main issue involved in the lawsuits, and that is why it did not resolve the question.

Defendant further argues in support of its motion that the "Denial of the motion to dismiss appears to be in conflict with Federal Court policy set forth by the dissenting opinion filed in this Court in Ann Arbor Railway Company v. Michigan Public Service Commission, 91 F.Supp. 668, at pages 672–674, a Federal Court policy sustained later in the parallel case of Alabama Public Service Commission, Appellant, v. Southern Railway Company, decided May 21, 1951, [341 U.S. 341, 71 S.Ct. 762] 95 L.Ed. 1002."

Two short excerpts from the decision of the United States Supreme Court in the Alabama Public Service Commission case readily distinguish it from the within matter, and are as follows: First, "In assessing the propriety of equitable relief, a review of the regulatory problem involved in this case is appropriate," and secondly, "However, our concern in this case is limited to the propriety of a federal court injunction enjoining enforcement of a state regulatory order." Alabama Public Service Commission et al. v. Southern Railway Co., 341 U.S. 341, 345, 346, 71 S.Ct. 762, 766, 95 L.Ed. 1002.

The plaintiff herein has instituted in this Court an ordinary action at law for damages, there being present the proper jurisdictional requirements of diversity of citizenship and an amount in excess of $3000.00, exclusive of interest and costs.

The Order of September 24, 1951, denying the defendant's motion to dismiss will remain as entered in this cause.