## In re Petition of Verner Z. Reed, Jr. and Verner Z. Reed, III

[272 A.2d 127]

No. 85-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Stackpole & Amidon,* Stowe, for Petitioners.

*James M. Jeffords,* Attorney General, and *H. Russell Morss, Jr.,* Assistant Attorney General, for the State.

**Keyser, J.** The petitioners by a petition for a writ of *certiorari* seek a review of the action of the Lamoille County Board of Tax Appraisers relating to the appraised valuation of the petitioners' property by the listers of the Town of Stowe. The petitioners appealed to the board of civil authority and its action being adverse, further appeal was taken to the State Tax Commissioner. As provided by statute, the commissioner referred the matter to the county board.

The property in question consists of 116 acres of land of which about 6 acres are so-called lease, or glebe, land. The petitioners purchased the land in 1968 for $116,000. The appraisal value placed on the property by the listers for 1969 was $58,000 and this value remained unchanged by either the board of civil authority or the county board.

The writ of *certiorari* issues only when there is no other adequate remedy at law and no other means of review is available. Since the county board of appraisers exercises a judicial function the correctness of their actions will be inquired into where substantial questions of law affecting the merits of a case are in issue. *In re Petition of Town of Mendon,* 127 Vt. 502, 503, 253 A.2d 139 (1969). The correctional power of this Court extends no further than to keep inferior tribunals within the limits of their jurisdiction and see that they exercise it with regularity. *In re Petition of Mallary,* 127 Vt. 412, 415, 250 A.2d 837 (1969).

Effective April 6, 1970, the procedure for taking tax appeals from the decision of the board of civil authority under Subchapter 2 of Chapter 131, V.S.A., was repealed by No. 253 of the Acts of 1969, Adjourned Session of the Legislature. This act also provided a change in the method of appeals in such cases and is now 32 V.S.A. §§ 4461–4468.

This revised appeal procedure grants an aggrieved taxpayer two methods of appeal from the decision of the board of civil authority, (1) to the tax commissioner or (2) to the court of equity. 32 V.S.A. § 4461.

The petitioners' appeal to the commissioner from the action of the board of civil authority was on July 21, 1969. This was before the revised procedure was in effect. The county board held a hearing on May 12, 1970, and made their report and findings to the tax commissioner on or about May 29th, both of which dates were subsequent to the effective date of the new procedural act, No. 253.

Counsel for the petitioners allege that at the hearing on May 12 they submitted in evidence appraisals made by the listers of other similar properties in the same general area and requested the board to consider such appraisals in making its determination. However, the board states in its report: "We did not consider, in arriving at our opinion of value, the listed value, or listers' appraisals of comparable property."

Although the appeal reached the county board before April 6, 1970, the effective date of No. 253, Acts of 1969 Adjourned Session of Legislature, the board was governed in its action after that date by the procedural provisions of the act.

█ Legislation which is general in its terms and affects only matters of procedure is presumed to have been intended to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. *Johnson* v. *Smith,* 78 Vt. 145, 149, 62 A. 9 (1905) ; *Mount Ida School, Inc.* v. *Gilman,* 97 Vt. 331, 334, 123 A. 198 (1924). See also *Bresette* v. *Knapp,* 121 Vt. 376, 378, 159 A.2d 329 (1960).

█ The legislative act, No. 253, *supra,* does not indicate an intent that it shall not be applied to pending appeals. The act does not affect substantive rights. It is procedural in nature and applies to pending actions. *Johnson* v. *Smith,* 78 Vt. 145, 149, 62 A. 9 (1905) ; *Pollard* v. *Wilder,* 17 Vt. 48, 51 (1843).

The determination by the county board of the petitioners' appeal is governed by 32 V.S.A. § 4467, which reads:

> "Upon the appeal to the board of appraisers or the court of chancery, the board or court shall proceed *de novo* and determine the correct valuation of the property as promptly as practicable. The board or court shall take into account the requirements of law as to valuation, and the provisions of Chapter I, Article 9 of the Constitution of Vermont and the 14th Amendment to the Constitution of the United States. If the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value."

It is quite apparent that the county board disregarded the mandate of the statute with respect to its consideration of whether the *listed* value of the petitioners' property corresponds to the *listed* value of comparable properties and make its findings on this question. The specific finding of the county board is that it did not do so.

The board found simply that "other, similar and comparable properties in the area had *market* values of from $1000 to $1,750 per acre." (Emphasis added). But the board states in their report that they did not take into account the listed value of other comparable properties and this they were

required to do by 32 V.S.A. § 4467 and make their findings accordingly.

■ One of the prime issues raised by the petitioners before the board was a determination of whether the evidence introduced by them established that the *listed* value of the comparable properties did, or did not, correspond to the *listed* value of the petitioners' land. As a consequence, its determination and the supporting facts must appear in the findings. If the board had decided the issue in the negative, it then became their duty to so find and set the aggrieved taxpayers' property in the list at a corresponding listed value. 32 V.S.A. § 4467. See *In re Petition of Town of Essex*, 125 Vt. 170, 172, 212 A.2d 623 (1965). Whether there was a compliance with the procedural requirement of 32 V.S.A. § 4467 raised a substantial question of law affecting the merits of the case and failure of the county board to comply with the statute was prejudicial error.

■ Moreover, as held in the recent case of *In re Petition of Heath*, 128 Vt. 519, 266 A.2d 812 (1970), a review of a tax appeal case by this Court requires a record of "all facts which are material, especially the evidence." The record in this case is void of any evidence, exhibits or testimony introduced at the May 12 hearing before the county board. It is only upon the availability of this record that we can determine, as in other cases where findings are required, "whether there was competent proof of facts necessary to authorize the adjudication made, and whether in making it any rule of law affecting the rights of the parties has been violated." *In re Petition of Heath, supra*, 128 Vt. at 523. This is a requirement of the law.

*Petition sustained, issuance of the writ ordered, and the proceedings being certified to this Court, ordered that the findings of the County Board are quashed, to be recommitted by the Commissioner of Taxes to said Board for further appropriate action and report. Let the judgment be certified to the Commissioner of Taxes.*