**EVANGELICAL CATHOLIC COMMUN-
ION, INC., et al.**

v.

**Miriam THOMAS et al.**

**Civ. A. No. 6722.**

United States District Court,
D. Vermont.

Oct. 17, 1973.

John A. Burgess, Burgess & Kilmurry, Montpelier, Vt., for plaintiffs.

Henry F. Black, Black & Plante, White River Junction, Vt., for defendants.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

This action is brought to challenge the assessment of local property taxes against property claimed by the plaintiffs to be entitled to exemption from taxation by virtue of its religious use. The plaintiff Evangelical Catholic Communion, Inc., (hereinafter ECC) is said to be a nonprofit religious and charitable organization which owns property in the town of Newbury. John Hooker is the clerk and treasurer of ECC, and with his wife, Susan, owns property in Newbury which is used by ECC. The defendants Thomas, Kaiser, Robitzer, Smith, Halley, Tyler, Leighton, Meyette, Rogers and Stevens are members of the Newbury Board of Civil Authority. Defendants Rollins, Henderson and Brock are members of the Newbury Board of Listers. The action has been discontinued against the Town of Newbury.

The plaintiffs contend that their Newbury property should be tax exempt because it is used for pious, charitable and non-profit purposes. Notwithstanding this claim, the Newbury Board of Listers levied taxes against the property in 1969, 1970 and 1971. The plaintiffs appealed the assessment each year to the Board of Civil Authority without success. They did not, however, seek further review of the assessment. The plaintiffs seek to maintain this action under 42 U.S.C. §§ 1983, 1985 and 1986, and 28 U.S.C. § 1343, contending that the action of the Newbury officials in taxing their property violated their Constitutional rights.[1] The defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

Plaintiffs' counsel maintains that the court should issue an injunction forbidding the defendants from assessing further taxes against their Newbury property, despite the explicit prohibition against our granting such anticipatory relief contained in the Tax Injunction Act, 28 U.S.C. § 1341. That statute provides:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Plaintiffs offer no reason why the Tax Injunction Act should not bar their request for injunctive relief, and it does not appear that such reason exists. The rule allowing civil rights actions to be maintained under 42 U.S.C. § 1983 without the prior exhaustion of state judicial remedies does not constitute an exception to the exhaustion requirement of the Tax Injunction Act. American Commuters Association v. Levitt, 405 F.2d 1148, 1151 (2d Cir. 1969). A "plain, speedy and efficient remedy" is available to the plaintiffs in the Vermont courts.[2] Accordingly, the plaintiffs' re-

---

1. Complaint alleges: "9. Said land owned by the plaintiffs and used by the Evangelical Catholic Communion, Inc., for pious and charitable purposes is exempt from taxation under Vermont Statute and is immune from taxation by the said defendant town under the First and Fourteenth Amendments to the Constitution of the United States."

There is no specific reference to the Vermont Statutes Annotated. Plaintiffs apparently refer to 32 V.S.A. § 3802(4).

2. The appeals taken by the plaintiffs to the Board of Civil Authority did not exhaust their judicial remedies. Prior to April 6, 1970, a taxpayer aggrieved by a decision of the Board of Civil Authority had 21 days to file an appeal with the Commissioner of Taxes. 32 V.S.A. § 4441. The commissioner then referred the appeal to the County Board of Tax Appraisers, see V.S.A. § 4446, which exercised the "judicial function" of reviewing the correctness of the action of the Board of Civil Authority. In re Petition of Reed, 129 Vt. 102, 104, 272 A.2d 127 (1970). Review of the action of the County Board of

quest for injunctive relief must be dismissed.

The plaintiffs also seek a declaration of the rights of the parties under 28 U.S.C. § 2201. The bar which the Tax Injunction Act establishes against "anticipatory federal adjudication of the validity of a state tax law," Lynch v. Household Finance Corp., 405 U.S. 538, 543 n.6, 92 S.Ct. 1113, 1117, 31 L.Ed.2d 424 (1972), prohibits a federal court from issuing a declaratory judgment regarding the constitutionality of a state tax assessment, where an adequate state remedy is available. Houston v. Standard-Triumph Motor Co., 347 F.2d 194, 198 (5th Cir. 1965); Helmsley v. City of Detroit, 320 F.2d 476, 478 (6th Cir. 1963); see Perez v. Ledesma, 401 U.S. 82, 127, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), (Brennan, J., concurring). Plaintiffs' request for declaratory relief must be dismissed as well.

Next, plaintiffs seek reimbursement from the town of Newbury for the taxes they paid under the challenged assessments from 1969 through 1971. This aspect of their claim is also barred by 28 U.S.C. § 1341. We are in accord with the cogent opinion of the Fifth Circuit Court of Appeals in Bland v. McHann, 463 F.2d 21, 25–28 (5th Cir. 1972), that under § 1341 "it is the duty of federal courts, in actions for the refund of state taxes, to defer to state administrative and judicial remedies where the state remedy is 'plain, speedy and efficient.'" Id. at 27–28. See also, Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966); Mandel v. Hutchinson, 336 F. Supp. 772, 779–780 (C.D.Calif.1971); But see Southland Mall, Inc. v. Garner, 293 F.Supp. 1370 (W.D.Tenn.1968); Rico Argentine Mining Co. v. Board of County Com'rs, 215 F.Supp. 208 (D. Colo.1963); Central Steel & Wire Co. v. City of Detroit, 101 F.Supp. 470 (E.D.

Mich.1951). Although the appeal period for each of the 1969–71 levies has expired, this does not provide an escape from the prohibition of 28 U.S.C. § 1341, because effective state review was available to the plaintiffs at the time the assessments were made. Where a taxpayer seeking to challenge the assessment of a state tax loses his right of review, as provided by state law, simply because he fails to take advantage of that right, 28 U.S.C. § 1341 prohibits a federal court from assuming jurisdiction over his action. Reiling v. Lacy, 93 F. Supp. 462, 467–468 (D.Md.1950); cf. First National Bank v. Board of County Commissioners, 264 U.S. 450, 44 S.Ct 385, 68 L.Ed. 784 (1924).

Finally, the plaintiffs seek additional damages totaling $150,000.00. It is elementary that constitutional rights must be found to have been abridged in order for damages to be recovered in a civil rights action. Thus the plaintiffs in this action cannot recover damages without a determination by this court that the taxation of their Newbury property was effected in violation of their constitutional rights. If we were to make such a determination, we would, in effect, be issuing a declaratory judgment regarding the constitutionality of the tax levied on the plaintiffs. As the court is prohibited from issuing such a declaratory judgment, as indicated earlier, the court is also precluded as a matter of law from adjudicating the plaintiffs' damages claims. This final segment of their complaint, therefore, must be dismissed.

In consideration of the foregoing, it is hereby ordered:

That the motion of the defendants to dismiss the complaint for failure to state a claim upon which relief can be afforded is granted.

---

Tax Appraisers was available in the Vermont Supreme Court where "substantial questions of law affecting the merits of a case are in issue." Petition of Mendon, 127 Vt. 502, 503, 253 A.2d 139, 140 (1969). Effective April 6, 1970, 32 V.S.A. § 4461 established an additional avenue of appeal to the court of equity. In re Petition of Reed, supra 129 Vt. at 104, 272 A.2d 127. As in the case of an appeal to the Tax Commissioner, such an appeal must be taken within 21 days of the decision of the Board of Civil Authority.