### Willard Rhodes v. Town of Woodstock

[333 A.2d 96]

No. 135-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed December 3, 1974

Motion for Reargument Denied February 18, 1975

*Harry A. Black, Esq.,* of *Black & Plante,* White River Junction, for Plaintiff.

*Thomas P. Wright, Esq.,* Woodstock, for Defendant.

**Larrow, J.** By leave of court petitioner has amended his complaint for extraordinary relief under V.R.A.P. 21 to seek such relief with respect to actions of the Windsor County Court instead of the Woodstock Zoning Board of Adjustment. A summary of prior proceedings is required for understanding of his basis for complaint.

On October 17, 1969, petitioner Rhodes filed with the Town of Woodstock Zoning Administrator an application for a permit to construct a shopping center as a special exception under the Woodstock ordinance. The administrator referred the application to the Zoning Board of Adjustment, and on June 1, 1970, petitioner filed another application with that board. On June 15, 1970, the board held a public hearing, and later denied the application.

Petitioner then appealed to the Windsor County Court and that court remanded the cause to the Zoning Board for a new hearing with appropriate findings and an adequate transcript for judicial review. That hearing was held May 24, 1971, with findings made and a transcript furnished. On January 9, 1973, the Windsor County Court denied the appeal.

Petitioner then attempted a direct appeal to this Court, which was dismissed for lack of direct appellate jurisdiction on May 4, 1973, under the then provisions of 24 V.S.A. § 4472(a). *In re Rhodes,* 131 Vt. 308, 305 A.2d 591 (1973). Petitioner thereupon sought extraordinary relief in this Court to review the actions of the Woodstock Zoning Board. In *Rhodes* v. *Town of Woodstock,* 132 Vt. 323, 318 A.2d 170 (1974), this relief was denied because actions of the Zoning Board were subject to appellate review in county court. Pursuant to leave to amend this petition, Rhodes now seeks such relief against the Windsor County Court, now the Windsor County Superior Court.

Petitioner claims, in substance, that he has been denied due process because the zoning board considered certain letters as

evidence without notice to him or furnishing him copies, took *ex parte* and without notice evidence which it made a basis for decision, and conducted its purported hearing in a completely disorderly manner. Without passing on these contentions, we are satisfied from the record that they are not frivolous but substantial. The due process sufficency of the proceedings below was in issue. *State* v. *District Court,* 129 Vt. 212, 274 A.2d 685 (1971). And, although the Town disputes this contention, we are satisfied that these claims were not ruled on by the county court, which, under the misapprehension that its judgment was subject to a direct appeal wherein these claims could be asserted, simply ordered after a discussion with counsel that the appeal was denied for lack of a factual basis, lack of provision for trial *de novo,* and the presence of sufficient evidence to support the findings.

Petitioner thus finds himself in the position where, until now, his constitutional questions have never been heard, but have been effectively foreclosed without judicial consideration. We are unwilling to leave him in that posture if relief can be afforded under our rules and precedents.

V.R.A.P. 21(b) requires that petitioner's complaint be verified or supported by affidavit setting forth the lack of adequate remedy by direct appeal here, or by appeal or proceedings for extraordinary relief in the county courts. This requirement is not met by the complaint. But V.R.A.P. 2 permits waiver of this requirement, and we are disposed to permit such waiver here. We are reluctant to employ Rule 2 under ordinary circumstances, but not to do so here would permit a mere technicality to defeat substantial justice. Our own decision in *In re Rhodes, supra,* demonstrates the absence of available direct appeal. The fact that extraordinary relief below would have to be sought in Windsor County, in the very court whose actions are here under judicial scrutiny, shows the absence of adequate remedy by county court proceedings. And, insofar as zoning board proceedings are material to evidence substance in petitioner's claims, they are set forth in full in the furnished transcript. The requirements of V.R.A.P. 21(b) are substantially met; technical noncompliance is waived under V.R.A.P. 2.

It is therefore necessary to grant the requested relief and mandate hearing by the Windsor County Superior Court upon

the constitutional issues raised by petitioner. Since 24 V.S.A. § 4472(b), as amended effective April 11, 1974, and made applicable to pending cases, provides for trial *de novo,* the further procedings below should be in conformity thereto. This would be true even in the absence of an express statutory provision, because legislation affecting only matters of procedure is presumed to be applicable to all actions, pending or not. *In re Petition of Reed,* 129 Vt. 102, 272 A.2d 127 (1970) ; *Mt. Ida School, Inc.* v. *Gilman,* 97 Vt. 331, 123 A. 198 (1924).

*The prayer for extraordinary relief is granted. Cause remanded to the Windsor County Superior Court, which is ordered to hear, de novo, the constitutional questions raised in petitioner's amended complaint.*