## Guy Ladd, Collector of Taxes, Town of Goshen v. Brandon Fire District No. 1

[ 205 A.2d 411 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*Wayne C. Bosworth* for plaintiff.

*Frank L. Bunting* for defendant.

**Barney, J.** The facts are agreed. Miss Shirley Farr made generous provision for the benefit of the inhabitants of the Town of Brandon in many ways. Among them was the gift in trust of land protecting the watershed of the water system serving the people of the Town of Brandon, through facilities maintained by Brandon Fire District No. 1 and Brandon Fire District No. 2. Most of this land was located in the Town of Goshen, and that part of it was put on the grand list there in the name of Brandon Fire District No. 1. The plaintiff, as tax collector, brought this action to collect overdue assessments. The lower court found there was no tax liability, and gave judgment for the defendant, Brandon Fire District No. 1.

The applicable statute, 32 V.S.A. §3651, permits the listing of real estate for tax purposes to either the owner or possessor. To be chargeable, Brandon Fire District No. 1, under the findings, must fall into one of these categories.

The plaintiff first seeks to place the defendant in the position of owner. To adequately deal with his claim we should have before us

the appropriate provisions of the testamentary instrument setting up the trust, as modified by codicil, given in the findings:

"If at the time of my decease the predominant portion of the public water supply now provided by Brandon Fire District No. 1, is derived from the source now being used, I give and devise to the Trustees hereinafter described, but upon the conditions and limitations hereinafter written, for the use and benefit of all persons using such water supply the following described lands, *viz.* all of the land within the Towns of Goshen, Chittenden and Brandon conveyed to me by Newton Thompson Inc. (a Vermont corporation with principal office at said Brandon), excepting however, from this devise each lot or other parcel unit of which no part lies within the watershed from which said public water supply is derived. What constitutes a 'lot or other parcel unit' as those words are used herein, shall be determined upon the basis of the description in the conveyance to me, it being my intention to except only parcel units as conveyed to me which are entirely outside said watershed.

It is my purpose to protect said water supply and benefit the public using it by preventing the deforestation of land herein devised. I direct my Trustees to administer the trust to this end. I recommend that from time to time they take and consider the advice of the Vermont State Forestry Service and such other expert advice as they deem proper in planning the removal of matured timber and the promotion of new growth.

The net income from forestry operations shall be held as needed for the protection of said land and water supply; but if said income shall have accumulated to an amount in excess of the sum which in the judgment of my Trustees under this Article is needed for the protection of said land and watershed I authorize said Trustees in their discretion to turn over said excess to the Town of Brandon to be added to other funds expendable by it under the provisions of subparagraph 'f' of Article Twelfth of this my will.

I do nominate and appoint as joint Trustees initially to hold and manage said lands herein devised in trust, those persons who hold the office of Trustees of said Fire District No. 1 at the time of my decease, each to be and remain a Trustee hereunder so long as he remains a Trustee of said Fire District; and when he ceases to be a Trustee of said Fire District I direct that his successor in

that office be substituted as Trustee hereunder with like tenure and succession. If any said Fire District Trustee shall decline to serve as Trustee hereunder or if a vacancy shall otherwise occur, it is my will that the vacancy shall be filled by such person or persons as the Probate Court may appoint.

The title herein devised to said Trustees is upon condition, that it shall continue only so long as, the Brandon water supply or a substantial part thereof is taken from the basin now used as a source and the reservoirs used in supplying water to said village are cleaned at the expense of the Fire District (or successor corporations operating said water system), at least once each year. If and when such basin shall no longer be used as a substantial source of such water supply or if and when said Fire District (or the successor corporation operating said water system) shall fail to clean said reservoirs annually, the title of said Trustees shall terminate and title to said lands shall devolve as hereinafter provided."

These provisions place title to the trust property firmly in the hands of the trustee designated. The beneficiary is not the defendant, Brandon Fire District No. 1, but is that body of people served by the water system involved. The findings make it clear that this encompasses people in Brandon Fire District No. 2, also, as well as people elsewhere in the Town of Brandon. Beneficial ownership, as referred to in *Davis* v. *Union Society*, 93 Vt. 520, 527, 108 Atl. 704, certainly cannot be identified here with the defendant in this case, even if the doctrine were otherwise applicable.

There is an identity here, however. Since the trustees under the will are also the trustees of Brandon Fire District No. 1, the plaintiff argues from this that the title held by the trustees is thereby, through them, held by the defendant.

The weakness of the plaintiff's position comes from identifying the defendant with its trustees. The selection of those office holders as trustees is not the same as selecting the defendant itself as trustee. The trust instrument, as quoted above, recognizes the distinction by providing for the possible appointment of trustees who have no connection with the Fire District. The language of the trust clearly places the responsibility of administering the trust upon the trustees themselves, and not upon the defendant. Miss Farr merely used the regularly elected officers of the defendant as a convenient source for

suitable fiduciaries for her trust purposes, without compromising the separateness of her trust of the watershed lands.

The plaintiff seeks to make out a case of possession of the watershed lands deriving from the duties placed on the defendant to clean the reservoirs annually to avoid termination of the trust. Since the trust imposes an obligation to deal with property the plaintiff identifies as part of the watershed property, he argues that the defendant can be validly listed as being in possession. He is defeated by the findings, which place the reservoirs concerned outside of the watershed property which is the subject of the trust.

*Judgment affirmed.*