### In re Petition of Frederick P. Smith

[298 A.2d 823]

No. 220-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 27, 1972

*Ewing & Spokes,* Burlington, for Plaintiff.

*McNamara, Fitzpatrick & Sylvester,* Burlington, for Defendant.

**Per Curiam.** The order resulting from a recount proceeding involving the senatorial seats in Chittenden-Grand Isle sena-

torial district is challenged here. The device used is denominated a notice of appeal. Since the statute involved, 17 V.S.A. § 1362, specifically denies a "right of other recount, review or appeal", this notice was met by a motion to dismiss.

The issue is urgent, and a matter of public concern, aside from the interests of the candidates, with the convocation of the General Assembly only a few days away. Since the validity of the election was contested below under the appropriate statute, this matter stands differently than *Petition of LaFreniere*, 126 Vt. 204, 227 A.2d 301 (1967). Both parties expressed a strong desire to invoke, in some way, the jurisdiction of this Court to resolve claimed difficulties in the disposition made below. To that end, exercising our authority under Rule 2, V.R.A.P., we will treat the matter as before us on a petition for extraordinary relief under Rule 21, V.R.A.P. See *Barnet* v. *New England Power Co.*, 130 Vt. 268, 271, 291 A.2d 396 (1972).

■ Chapter II, § 19 of the Vermont Constitution reserves to the Senate of this state the "powers to decide on the election and qualifications of, and to expel any of, its members." Chapter II, § 5, provides that, "The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Thus, it is not for the courts to intrude themselves into the electoral process, except upon matters involving the enforcement of particular constitutional interests, or upon specific authorization expressed by statute. This case relates to such statutory authorization.

■ The enactment in question, 17 V.S.A. § 1362, provides as follows:

"A candidate for a county office other than justice of the peace may contest the election of another candidate for the same office by filing with the county clerk within ten days after the election a petition setting forth under oath that he is informed and believes that a mistake or fraud has been committed in the counting or return of the votes for the office for which he was a candidate and requesting a recount of such votes. Thereupon a superior judge shall direct a recount of the votes, shall order the

town clerks within said county to deliver to the county clerk the votes cast for county offices, and shall make an appropriate order in the premises.

Said superior judge shall appoint three disinterested persons from an adjoining county or counties who together with the county clerk shall count the votes. Said disinterested persons shall be paid from county funds the sum of $10.00 each per day plus their reasonable and necessary expenses.

Upon completion of the recount the superior judge shall certify the result thereof by appropriate order which shall be binding on the candidates without right of other recount, review or appeal."

This statute does not refer challenged elections to the courts, but rather makes a superior judge a special officer to supervise recounts in the case of county officers. See *Ladd, Tax Coll.* v. *Brandon Fire District*, 124 Vt. 350, 352, 205 A.2d 411 (1964). In that special capacity, the duties of the superior judge are specifically mandated by the statute, the most important one being to certify the result of the recount.

The judge in the case before us refused to make such a certification and ordered the clerk of Chittenden County not to issue any certification of election for the sixth senatorial seat from the county. The judge based his decision upon the large discrepancies revealed by the recount and the irregularities in the handling of the ballots brought to light by the proceedings.

Recounts seldom reach results without discrepancy. Under the controlling statute, we view the proper function of the superior judge to be the reporting, by way of certification, of the results of the recount, however great its variation from the original tally. The judge stated the matter correctly when he stated that 17 V.S.A. § 1362 calls only for his certification of the recount by appropriate order, leaving the validity to the Senate for determination under Chapter II, § 19 of the Vermont Constitution. It is in the deviations of his order from that statement that the difficulties urged before us arise.

The discrepancies are disturbing. However, the record reveals several significant facts. First, under the order for con-

ducting the recount, all candidates were authorized to have representatives present, and procedures for resolving challenges to ballots were provided. The report of the recount committee shows no contested ballots at all in the entire county. Furthermore, the report of an investigation by the sheriff and state's attorney of Chittenden County stated that no actionable fraud had been uncovered. In any event, since it is the duty of the committee merely to count valid ballots furnished by the appropriate custodians, and the duty of the presiding judge merely to certify that count, issues outside that duty must otherwise be disposed of, consistent with constitutional requirements.

Since the ingredients for the decision required by 17 V.S.A. § 1362 are before us in the order of the court below, we will amend the disposition here to conform to the statute.

*Motion to dismiss denied. Paragraph 1 of the order issued below by the superior judge dated December 14, 1972, is amended by adding the following:*

> *"The foregoing results are therefore certified as provided in 17 V.S.A. § 1362 and the county clerk is directed to issue appropriate certificates of election in accordance therewith to the six candidates receiving the highest total votes."*

*Paragraph 2 of said order is vacated.*

*As so amended the order is to remain in full force and effect.*