## Gladys M. Burton, Treasurer, Town of Springfield, Vermont v. Selectmen, Town of Springfield, Vermont

[208 A.2d 318]

February Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed March 11, 1965

*Arthur Hayer* for petitioner.

*Parker, Ainsworth & Richards* for petitionee.

**Shangraw, J.** This is a petition for a writ of certiorari to review a resolution passed by the selectmen of the Town of Springfield, Vermont, under the provisions of 24 V.S.A. §1756, by which they attempted to validate the action taken at a special meeting of the voters of the Town of Springfield authorizing a bond issue for public improvements.

Under date of March 3, 1964, at a special meeting held concurrently with the regular March meeting of the Town of Springfield there was submitted to the voters the question as to whether or not a bond issue not to exceed $325,000.00 would be voted for public

improvements. The required affirmative vote of two-thirds of the 2,573 votes cast was not obtained as required by 24 V.S.A. §1175.

On March 20, 1964, a petition signed by 274 legal voters was filed with the selectmen requesting that they call a special meeting of the town to rescind the vote of March 3, 1964 relating to the proposed public improvements. In compliance with this request the selectmen called a special town meeting to be held June 19, 1964, by causing a notice to be posted in five public places within the town for more than the required two weeks immediately preceding the date of meeting, and to be published in the *Springfield Reporter,* a newspaper of known circulation in Springfield once a week on the same day of each week for three consecutive weeks, namely in the issues of June 3, 1964, June 10, 1964 and June 17, 1964. At this special meeting held on June 19, 1964 the bond issue was voted and approved by the necessary two-thirds majority vote of the voters present and voting on this issue.

The statute, section 1755, supra, under which the special meeting of June 19, 1964 was called in part provides that "the last publication to be not less than five nor more than ten days before such meeting." The last date of the publication of the notice in the *Springfield Reporter* was on June 17, 1964, the second day before the meeting and thus not in strict compliance with the statutory provisions of section 1755, supra, which calls for a time lapse of not less than five days before such meeting after the last publication.

Following a review of the notices of the special meeting, the documents, and the facts and circumstances surrounding the same, the board of selectmen determined that all other statutory requirements for notice had been complied with; that the public and voters were thoroughly advised of the proposed improvement and method of financing through publicity given in the newspapers, local radio discussions, and television programs; and further that at the meeting of June 19, 1964, it was voted by a majority in excess of the two-thirds majority required by statute to authorize issuance of bonds to pay for the public improvements.

To cure the statutory defect as to notice, the selectmen resorted to section 1756, supra, which provides:

"Whenever the qualified voters of a municipal corporation, as defined in this subchapter, have voted by the requisite majority to authorize issuance of bonds to pay for any public improvement,

· and such proceedings are defective because of failure to comply with any of the statutory requirements therefor, although the required length of notice and notice of the purpose of such meeting has been had, such omissions may be cured by a resolution of such legislative branch by a vote of two-thirds of all its members at a regular or a special meeting called for that purpose, stating that the defect was the result of oversight, inadvertence or mistake of law or fact. When such omission has been so supplied by such resolution, all bonds or other financing within the terms of the action of the qualified voters shall be as valid as if the statutory requirements had been complied with."

Acting under section 1756, supra, the board of selectmen, at a public meeting, unanimously passed the following resolution purporting to validate the vote of June 19, 1964.

"RESOLVED that the holding of the special meeting of Springfield, Vermont, of June 19, 1964, for the purpose of voting on the Clinton Street improvement following a lapse of two days from the last date of newspaper publication of notice for the meeting was due only to oversight and inadvertence and is hereby validated. Following the wide-spread publicity about the proposal the qualified voters at said meeting voted by the requisite majority to authorize issuance of bonds to pay for this public improvement."

Petitioner represents that as town treasurer she is one of the parties who must execute the bonds by virtue of the statutory mandate of 24 V.S.A. §1763, and thereby is a party directly affected by the action taken by the selectmen. The petition recites that by the passage of the above quoted resolution the selectmen intended to cure the defect which resulted from a failure, through oversight and inadvertence, to comply with section 1755, supra. Petitioner questions their power and authority to cure the defect and issue the bonds.

The office of the writ of certiorari is to provide for a review of the judicial action of inferior courts, special tribunals, public officers, and bodies exercising judicial functions in those instances where no other means of review is provided. *City of St. Albans* v. *Avery,* 95 Vt. 249, 262, 114 Atl. 31, citing *Rutter et al* v. *Burke et al,* 89 Vt. 14, 93 Atl. 842.

■ The writ issues only when there is no other adequate remedy at law, and brings up for review only substantial questions of law affecting the merits of the case involved in the proceedings below. *Lewis* v. *Holden,* 118 Vt. 59, 61, 99 A.2d 758; *Davidson* v. *Whitehill,* 87 Vt. 499, 508, 89 Atl. 1081. As stated in *Davidson* v. *Whitehill,* supra, at pg. 504, "The petition must state facts sufficient to authorize the issuance of the writ, and on its face present a meritorious case."

■ It is well settled that the issuing of the writ is largely a matter of discretion. The practice in this state is to hear the merits of the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusal of the writ. *Davidson* v. *Whitehill,* supra, p. 502; *City of St. Albans* v. *Avery,* supra, pg. 252; *Chase* v. *Billings,* 106 Vt. 149, 152, 153, 170 Atl. 903; *Lewis* v. *Holden,* supra, pg. 61. Such a writ will not lie where the action of the tribunal sought to be reviewed is correct. 14 Am. Jur. 2d Certiorari, §8, pages 784-5, citing *Ex parte Watkins,* 268 Ala. 567, 109 So. 2d 671.

■ The selectmen were faced with substantial questions of fact and law. With the deficiency of notice by virtue of the last publication being less than five days before the public meeting in the one hand, and on the other actual notice to the voters of the town by virtue of information disseminated through differing media, was there in existence a defect as to notice? Confronted with this situation they were required to decide whether or not this constituted a legal defect, and if so, could it be cured by an appropriate resolution under the provisions of section 1756, supra. By the passage of the curative resolution they arrived at the legal conclusion that the defect was not fatal, and subject to corrective measures under the statute.

This is a matter of some public concern and merits our comment on the ultimate question in issue, that is, whether the defect is fatal, or on the contrary subject to curative action by the selectmen.

In the case of *Conn* v. *Town of Brattleboro,* 120 Vt. 315, 140 A.2d 6, cited by the petitioner, the notice involving the issuance of bonds was published in a newspaper three times with intervals of two weeks between each publication, rather than one week as provided by statute, section 1755, supra. In that case it was held that although the notice as required by the statute had not been fulfilled, this error had been supplied and corrected by the validating resolution of the

selectmen. It is to be noted that in that case the taxpayers had more notice than required by the statute.

As stated at page 322 of the opinion in the *Conn* v. *Town of Brattleboro* case "The words length of notice as used in the language of the statute refer to extent of the notice in point of time—the duration of the communication to the voters from its commencement to the election. See Webster's New International Dictionary (2d Ed. 1950, unabr.), p. 1415."

Here, there was a shortage of notice by publication. Section 1756, supra, permits a validating resolution on a bond issue where the proceedings authorizing the same are defective because of failure to comply with any of the statutory requirements therefor, "although the required length of notice and notice of the purpose of such meeting has been had." While some ambiguity arises from the use of the word "although," it was held in *Conn* v. *Town of Brattleboro,* supra, at page 322, that "Its intendment in the statute is synonomous with 'provided,' as imposing a condition precedent to curative action." A somewhat related statute, 24 V.S.A. §740, pertaining to the validation of meetings of a municipality by resolution of the legislative branch thereof in part provides, "errors or omissions in the conduct of such original meeting which are not the result of an unlawful notice or warning" may be cured by resolution.

We conclude that under the provisions of section 1756, supra, the selectmen were granted curative authority and jurisdiction only when the statutory length of notice under the provisions of section 1755, *supra,* had been complied with. Here, the length of notice by publication falls short of the required statutory period.

The action of the selectmen validating the special meeting in question resulting in an attempted authorization of the public improvements and bond issue cannot be sustained.

*Petition sustained and the proceedings of the selectmen are ordered quashed.*

Justice Barney concurs in the conclusion that the corrective action of the selectmen exceeded their statutory authority and was of no force and effect.