# In re Petition of Town of Essex

[ 212 A.2d 623 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed July 23, 1965

*Philip A. Kolvoord* for petitioner town.

*Gravel & Bing* for petitionee taxpayers.

**Keyser, J.** This is a petition for a writ of certiorari to review findings of the Chittenden County Board of Tax Appraisers. The proceedings below were initiated by the Commissioner of Taxes upon the appeal of two taxpayers, Robert A. and Charlotte I. Marcotte and Alan K. and Sue A. White, from the action of the listers and board of civil authority relating to the 1964 appraisal of their real property in said town.

The petitionee taxpayers filed a motion to quash the petition on the basis that the petition does not state substantial grounds for the issuance of the writ and attacks a determination of fact made by said board.

The real question raised by the motion to quash is whether the petition presents a meritorious case on the facts stated therein.

The writ of certiorari brings up for review only substantial questions of law affecting the merits of a case which involves the judicial action of inferior courts, special tribunals, public officers, and bodies exercising judicial functions. The writ issues only when there is

no other adequate remedy at law and no other means of review is available. See *Burton* v. *Selectmen, Town of Springfield,* 124 Vt. 502, 208 A.2d 318; *In re Taconic Racing & Breeding Assn., Inc.* 125 Vt. 76, 209 A.2d 492.

The petition must state facts sufficient to authorize the issuance of the writ, and, on its face, must present a meritorious case. But where the action of the tribunal sought to be reviewed is correct, the writ will not lie. *Burton* v. *Selectmen, Town of Springfield,* supra, at page 505.

It is the settled law of this state that the issuance of the writ of certiorari is largely a matter of discretion. Our practice is to hear the merits of the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusal of the writ. Ibid, page 505.

The duty of the county board of appraisers is set forth in 32 V.S.A. §§4449 and 4450. They "shall consider all questions so submitted to them in writing and *shall examine all real and tangible personal property therein described.*" (emphasis added). This does not mean, however, that on such appeal to the Tax Commissioner the aggrieved taxpayer can frame and file questions not pertinent to the critical issue of appraisal or concerning matters not within the jurisdiction of the county board.

The exhibits attached to the petition show that each taxpayer's appeal to the Commissioner of Taxes was "based upon the fact that the Listers have not appraised said property at its fair market value as required by 32 V.S.A. sec. 4041; and further, that the taxes have not been uniformly assessed, as required by 32 V.S.A. sec. 4601." The petition alleges: "The questions as submitted (see Exhibit C) were two: Was the property appraised at its fair market value? and Were the taxes uniformly assessed?"

The petition also alleges: "The Appraisers determined the fair market value of the property . . ." Thus, no question is made but that the county board did find the fair market value of the properties. Furthermore, the findings of the board in their report to the Commissioner of Taxes so states.

The county board lowered the appraisals made by the listers whose appraisals, on appeal, had been affirmed by the board of civil authority. The county board had the power to either raise or lower such appraisals under 32 V.S.A. §4450 and thus acted within their statutory authority.

The second question submitted to the county board was—"Were the taxes uniformly assessed, as required by 32 V.S.A. sec. 4601." This

section reads: "Taxes shall be uniformly assessed on the lists of persons taxed, unless otherwise provided by law."

Uniform assessment of taxes and uniform appraisal of properties in the grand list are two entirely distinct and different things, and, of course, the appeal to the county board brings to them for consideration only the property of the taxpayer whose list is involved and described in the appeal. 32 V.S.A. §§4441 and 4449.

There is no statute which requires that property within a municipality shall be appraised uniformly for tax purposes. The only requirement of our statutes is that the listers shall appraise real estate and personal property at its fair market value. 32 V.S.A. §§ 4041 and 4044. When they have done so according to their best and sound judgment, they have performed their statutory duty.

In its final analysis, fair market value is, and can only be arrived at, by the exercise of sound judgment after consideration of all elements which enter into giving a saleable or market value to the property appraised. Obviously, as a result, comparable properties, although not identical, would have some evidentiary value concerning uniformity of appraisal. But the decision of fair market value, or appraisal, still remains a question of the exercise of the sound judgment of the appraisers or town officials.

The county board, in reviewing the appraisals of the listers and board of civil authority placed on the property of the appealing taxpayers must of necessity consider and make comparisons of the fair market value or appraisals of other properties in the same general areas. Such action is collateral to the ultimate question submitted to them for decision. The varying municipal services involved in and furnished by the separate subordinate municipalities within a town have some effect on market value along with different locations. It is apparent the county board had this in mind in deciding the issue before them.

Which properties such board will select to consider and compare in reaching their decision and fixing the fair market value of the taxpayers property is not a question of law. Rather, it is an evidentiary question. This court has no power to instruct the county board how they shall form their conclusion and opinion of the fair market value of the properties in question.

Moreover, the second question referred to the county board and stated in the taxpayers' appeal is: "Were the taxes uniformly assessed,

as required by 32 V.S.A. sec. 4601." The petition also alleges "it is undisputed that the one question before the Board was *uniformity of taxes* within the Town of Essex." (emphasis added) This is not synonymous with "uniformity of appraisal" as the parties have treated it in their briefs.

Each taxpayer's property and taxable poll are carried into his grand list. 32 V.S.A. §4082. Taxes voted by the town are assessed, or founded on the list of each individual taxpayer. 32 V.S.A. §4602. Section 4601, supra, requires that *taxes shall be uniformly assessed* on the list of such persons. In other words, it provides that taxes shall not be levied, or assessed, against different classes of property or persons at a different rate of assessment. Whether taxes are not uniformly assessed as required by the foregoing section is not a subject matter within the jurisdiction, or for the determination, of the county board of appraisers. Instead, it is for the courts to decide in appropriate proceedings. The county board was without jurisdiction to review and decide the second question of whether there was uniformity of taxes.

Under section 4441, supra, the appeal to the commissioner by the aggrieved taxpayer is from the decision of the board of civil authority. The record shows their decision related only its determination of the appraisal value of the aggrieved taxpayer's property. The question before the county board did not concern the validity of the grand list of the Town of Essex as plaintiff states in its brief. Whether there was uniformity of property appraisals within the entire Town of Essex was not a question submitted to the county board by the appeal of each taxpayer. Thus, such question was not for their consideration, findings or decision.

The petitioner claims the county board abused its discretion in the manner in which it gave notice and held hearing. It urges the board held only a brief hearing and limited its consideration of other appraisals to the Town School District without notice to the petitioner that it would do so. The county board must give notice to the taxpayer whose list is involved in said proceedings, of the place within such town and the time at which they will meet the parties. 32 V.S.A. §4449. This is all the notice required to the taxpayer. Furthermore, there are no procedural requirements set forth in the statute for the board to follow. Since the board proceeded according to the direction of the applicable statutes we will not review the discretionary aspects of the manner in which the hearing was held and conducted. There is no substantial right or question involved in this aspect of the case.

174

The facts alleged in the petition do not present a meritorious case for review and petitionees motion to quash must be granted.

*Petition dismissed.*