# The Rutland Hospital, Inc. v. State Board of Health

[ 220 A.2d 722 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 21, 1966

*Ryan, Smith & Carbine* for the Hospital.

*Albert Pingree,* Assistant Attorney General, for the Board of Health.

**Keyser, J.** This is a petition for a writ of certiorari to quash the proceedings before the State Board of Health, denying the amended application of the petitioner for federal funds allocated to the Board for use in the construction of hospital and medical facilities in Vermont under the Hill-Burton Act, 42 USC §291, as amended. The petitioner further prays that the writ issue ordering that its revised application be approved. The petitionee countered with a motion to quash the petition, claiming the action is not reviewable.

By act of legislature, 18 V.S.A. §1801-1814, the State Board of Health is the sole agency of the state to do all things necessary to obtain full benefits under the Federal Act. Section 1805 provides that the commission make an inventory of the existing hospital and medical facilities, survey the need for construction of such facilities and on the basis of such inventory and survey, develop a program for the construction of such public and other non-profit hospitals and physical facilities as will, with existing facilities, afford the necessary physical facilities for furnishing adequate hospital and medical facility services to all the people of the state.

The construction program must provide for adequate hospital and medical facilities for the people residing in this state and, insofar as possible, shall provide for their distribution throughout the state in such manner as to make all types of hospital and medical facility services reasonably accessible to all persons in the state. §1806.

The State Plan which includes the hospital and medical facilities construction program must be submitted to, and have the approval of, the Surgeon General of the Federal Health Service. §1808.

Section 1811 requires that each application for a construction project shall conform to federal and state requirements.

Section 1812 provides that the Board shall afford to every applicant for a construction project an opportunity for a fair hearing. After this and presentation of applications in the order of relative

need, if the Board finds a project application complies with the requirements of §1811 and is otherwise in conformity with the State Plan, it shall approve such application and recommend and forward it to the Surgeon General.

On February 6, 1963, the petitioner submitted its application to the Board for federal funds in connection with the construction of an additional 55 bed unit at its hospital in Rutland City. The availability of federal funds for this project was generally governed by the "Thirteenth Annual Revision of the Vermont State Plan for Construction of Hospital and Medical Facilities," promulgated by the Board as required by the Federal Act.

This revised plan resulted from a survey of aid for suitable hospital beds on the basis of a state wide inventory of existing facilities. The need of such facilities in the Rutland area to meet minimum standards was therein determined at 231 beds. The inventory of suitable hospital beds in the Rutland area showed 196 were available, a deficiency of 35 between need and availability. The inventory included 22 beds in the so-called Keenan Clinic, a proprietary hospital in Rutland.

The Board ruled that, as there was a deficiency of only 35 beds in the Rutland area, only 64 per cent of the petitioners 55 bed project was eligible for federal aid. The petitioner protested orally to this ruling on the ground that the beds at the Keenan Clinic should not properly have been considered as general hospital beds in the inventory of the existing facilities.

The hospital went forward with its construction program of the 55 bed unit without the aid of federal funds for the additional 20 beds. The construction was completed in September 1964. At that time the entire 55 bed unit became available and was placed into operation and use by the hospital.

In October 1965, the Keenan Clinic ceased operations as a general hospital. At that time the closing on the petitioner's application for federal funds had not been concluded for the lack of a final audit and examination as required by the Federal Act.

On December 3, 1965, the Keenan Clinic having ceased to operate as a hospital, the Rutland Hospital by letter requested the Board, in effect, to reconsider its prior action denying 100 per cent participation in federal funds for its constructed 55 bed unit. This request was denied without hearing on December 16. The hospital then requested

a hearing which the Board held on January 20, 1966. At that time the hospital presented a formal amended application for federal aid based on the cost of its completed 55 bed unit.

The Board again denied the application at its March 17th meeting and notified the hospital of such action. The basis of the Board's refusal to approve petitioner's amended application was "because of the retroactive feature" of the request.

■ The office of the writ of certiorari is to provide for a review of the judicial action of inferior courts, special tribunals, public officers and bodies exercising judicial functions in those instances where no other means of review is provided. *Burton* v. *Selectmen,* 124 Vt. 502, 208 A.2d 318; *In re Petition of Town of Essex,* 125 Vt. 170, 212 A.2d 623.

The writ issues only when there is no other adequate remedy at law, and brings up for review only substantial questions of law affecting the merits of the case involved in the proceedings below. *In re: Taconic R. & B. Assn.,* 125 Vt. 76, 209 A.2d 492.

■ Whether the writ issues is largely a matter of discretion. Our practice is to hear the merits of the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusal of the writ. *In re: Taconic R. & B. Assn., supra,* at p. 77. The petition must state facts sufficient to authorize the issuance of the writ, and, on its face, must present a meritorious case. *In re Petition of Town of Essex, supra,* at p. 171.

The petition also alleges that the action of the Board was an abuse of its discretion as the construction project undertaken by petitioner qualified for federal aid if the beds in the Keenan Clinic were not included in the inventory of existing facilities in the Rutland area.

The petitioner urges that the factual basis for Hill-Burton assistance should be determined at the time of the closing and that the Keenan beds should not be considered inasmuch as they are no longer in hospital service. These beds were made a part of the survey and inventory and thus were used to formulate the approved State Plan. Federal aid to the petitioner was allotted under this plan. These beds did not go out of existance as qualified hospital beds until some 13 months after the hospital project was completed and put into use.

The only action remaining to be taken by the Board on petitioner's original application was the federal audit and inspection, and certifica-

tion to the Surgeon General for final payment. 12 V.S.A. §1813. With this exception, the project as such was not pending but rather was an accomplished fact with the participation of allotted federal funds.

To approve the petitioner's amended application filed January 20, 1966, to obtain additional federal funds on the completed project, the Board would be acting in retroaction and against the federally approved State Plan. Such action, if it could be properly taken, not only would involve the discretion of the Board but also required the approval of the Surgeon General.

The petitioner's brief claims such action is not retroactive. However, in its letter of December 3, 1965, to the state commissioner of health it said that the proportion of the costs of its project eligible for federal aid should now be retroactively altered to 100 per cent by the Board.

Our search of the applicable federal and state statutes and the federal regulations does not reveal any provision for participation in federal aid under the Hill-Burton Act on completed projects under the facts shown in this case.

An amendment to an approved application must be processed in the same manner as an original application, except as to priority if the original application conforms to such regulations. C.F.R. §53.127 (d) (e).

The federal regulations which deal with applications submitted to the Surgeon General through the State agency for approval clearly indicate that only proposed and planned construction is considered— not completed construction. C.F.R. §53.127.

■ The amended application required the approval of both the State Board and the Surgeon General. The petitioner asks that we issue the writ ordering that its revised application be approved by the Board. To thus compel the Board to act in this matter would be to substitute the judgment of the court for that of the Board. This the law does not permit. *Proctor* v. *Hufnail,* 111 Vt. 365, 369, 16 A.2d 518.

Moreover, since final approval rests with the Surgeon General, issuance of the writ could well be a useless gesture. More pertinent than this is the fact that this court would be attempting to suggest what action should be taken at the federal level.

Petitioner claims the Board's opinion shows an arbitrariness amounting to an abuse of discretion. The action of the Board involved the exercise of its judgment in two particulars: first, whether it would approve the amended application considering that the construction had been completed well over a year before the filing of the application and, second, what the effect on budgeting and allocation of federal funds would be to other projects.

We cannot say that the discretion of the Board was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which, in this state, is the recognized test of abuse of discretion. *Towle* v. *St. Albans Publishing Co., Inc.,* 122 Vt. 134, 142, 165 A.2d 363. The burden of showing such arbitrary action and abuse of discretion was on the petitioner. *Daniels* v. *Preston,* 102 Vt. 337, 148 Atl. 285.

We find no occasion to issue the writ prayed for. The Board gave a hearing to the petitioner and thus discharged its duty in this respect. The allocation of funds and approval of the amended application is a matter of their own judgment and we cannot interject our discretion into the case.

*Petition dismissed.*

Smith, J. did not sit.