### Petition of Gertrude R. Mallary
[ 250 A.2d 837 ]

December Term, 1968

Present: Shangraw, Barney, Smith, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed February 4, 1969

*Ryan, Smith & Carbine* for the Petitioner.

*James L. Oakes, Attorney General* and *William T. Keefe,* Assistant Attorney General, for the State.

**Keyser, J.** The petitioner seeks a review by writ of *certiorari* of the action of the Orange County Board of Tax Appraisers relating to the valuation of certain farm property owned by her individually in the town of Fairlee.

The listers appraised two parcels of real property owned individually by the petitioner together with real property owned jointly by the petitioner and her husband, R. DeWitt Mallary, as an entire, or single, farm unit at $172,200. On appeals to the board of civil authority the appraised value of the listers remained unchanged. Separate appeals to the State Tax Commissioner were taken by Gertrude R. Mallary, individually, as to her two properties and by R. DeWitt Mallary and Gertrude R. Mallary as to their joint property. The three appeals were referred to and heard by the county board of tax appraisers appointed by the Commissioner of Taxes under 32 V.S.A. §4446. The county board made one report to the commissioner covering all of the appeals which shows the board followed the procedure adopted by the listers by considering the three parcels as a single unit. This included tillage land, woodland and a lot in the town of Bradford. The board found the appraised value of the property in Fairlee by the "market data approach" to be $160,000, and by the "cost approach" $170,000. It then "averaged" these values at $165,000. The last paragraph of its report reads, "The Board submits herewith the two FWV figures for the subject property—total of three separate appeals— $160,000 and $170,000, the average of the two being $165,000."

The writ of *certiorari* brings up for review only substantial questions of law affecting the merits of a case which involves the judicial action of inferior courts, special tribunals, public officers, and bodies exercising judicial functions. And the writ issues only when

there is no other adequate remedy at law and no other means of review is available. *Rutland Hospital, Inc.* v. *State Board of Health,* 126 Vt. 41, 44, 220 A.2d 722; *In re Petition of Town of Essex,* 125 Vt. 170, 171, 212 A.2d 623; *In re Taconic Racing & Breeding Ass'n,* 125 Vt. 76, 77-78, 209 A.2d 492.

█ The petition, on its face, must present a meritorious case and state facts sufficient to authorize the issuance of the writ. But the writ will not lie where the action of the tribunal sought to be reviewed is correct. *Burton* v. *Selectmen, Town of Springfield,* 124 Vt. 502, 505, 208 A.2d 318. And the issuance of the writ is largely a matter of discretion. *Ibid.*

Here, the question is what is the appraisal value of petitioner's property based on its "fair market value" within the legal concepts of that term and in compliance with statutory requirements. "Appraisal value" shall mean "the estimated fair market value of property." 32 V.S.A. §3481.

██ The question is not reviewable by means other than that adopted here. If the county board failed to act within the scope of its authority or the duties imposed upon them, the Supreme Court will inquire into the correctness of its action on petition for writ of *certiorari. City of St. Albans* v. *Avery,* 95 Vt. 249, 262, 114, A. 31. Our present practice is to hear the merits of the case upon the petition and subsequent pleadings and decide it upon the granting or refusal of the writ. *Rutland Hospital, Inc.* v. *State Board of Health, supra,* 126 Vt. at page 44, 220 A.2d 722.

█ This court will not disturb the determinations of the fair market value of real estate by the listers or county board unless errors of law appear which affect the merits of the case or occur in the course of the proceedings. The correctional power extends no further than to keep inferior jurisdictions within the limits of their jurisdiction and see that they exercise it with regularity. *Davidson* v. *Whitehill,* 87 Vt. 499, 508, 509, 89 A. 1081.

For the court to attempt to determine what conclusion the listers or county board ought to come to in the exercise of their judgment relating to the appraisal of property would be to pre-empt the very function which the law reposes in those officers. This, of course, we may not do. *In re Petition of Town of Essex, supra,* 125 Vt. at page 172, 212 A.2d 623.

The report of the county board establishes that the listers did not make separate appraisals of the properties owned by the petitioner individually, and by her and her husband, jointly. They blended the properties together and made only one valuation, $172,200.

The petitioner argues that the lumping together of her individual properties with that owned by her and her husband jointly and not appraising separate parcels constitutes error.

Section 3651 of 32 V.S.A. provides: "Taxable real estate shall be set in the list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district where it is situated." And 32 V.S.A. §4152 requires that the contents of the completed grand list filed by the listers with the town clerk "shall contain among other things the following particulars : * * *

(3) A brief description and the listed valuation of each separate piece or parcel of taxable real estate in the town owned by each taxpayer and the total value of all such real estate not exempt from taxation;"

The report of the county board shows the listers described the property thus: "Land and buildings, R. DeWitt & Gertrude R. Mallary, and Gertrude R. Mallary $175,600, error corrected by listers —reduced to $172,000; Gertrude R. Mallary, camp $200, Total $172,200."

The listers did not comply with the provisions of the statutes, *supra*. Instead, they consolidated the properties into one complete farm unit and placed one valuation upon it. This action was unwarranted and unauthorized. It also appears from the report that 20 acres of tillage, 300 acres of woodland and one lot located in the town of Bradford were erroneously considered as a segment of the total unit in the appraisal. However, its value fixed at $14,400 was not included in the valuation of the property in Fairlee. The consolidation of the properties in question into one appraisal has no justification or authority in our taxing procedure. The statute, 32 V.S.A. §4152, is mandatory in its application and imposes upon the listers, as well as the county board, the duty to list and appraise separate parcels according to their ownership or possession. Here, the ownership and possession were identical. These provisions of the statutes, *supra,* cannot be considered as being for the sole benefit of the taxpayer. Rather, we regard it as a requirement imposed by Legislature

that thereby more accurate valuations may be reached than would be the case if tracts of land not even contiguous, or in any respect of like kind and use, might be lumped into a single item, and that the right of lien for unpaid taxes may be aided.

The findings of the county board state—"It was agreed that all three appeals were legally entered, and it was further agreed that the Board would consider the three separate appeals as one, a total farm package, and then separate out the portion in the Town of Bradford. The appellants had raised the question of allocation of land to the different owners as made by the listers, and it was here agreed by all that the parties concerned would get together and agree on such division after the Board reports its findings."

■■■ The function of the county board in this case is the determination of the fair market value of the several parcels of land according to its ownership. It is obvious from the report that the board considered it was acting somewhat as the reviewing tribunal in an adversary proceeding between the listers and the taxpayers which, of course, is not true. The board is duty bound to follow the prescribed statutory requirements the same as are the listers. The provisions of the statute must be followed and may not be circumvented in the manner attempted. It is clear that the county board was led into error by the unauthorized action of the listers.

As pointed out *supra,* the county board computed two fair market values, one of $160,000 using its method of market data approach, the other of $170,000 using the cost approach adopted by the listers. The board then averaged these two FMV figures at $165,000. The petitioner urges this action of the board was without authority and error.

The instructions given the board by the commissioner stated, "the Board must consider the validity of the particular appraisal under constitutional requirements of uniformity of tax assessment." The board interpreted their instructions that "the appraisals of all other taxpayers in the town must be considered in comparison with the appellants appraisals, thus making a finding from an equity of assessment standpoint." This explains the compromise of the two appraisal figures by the board.

The county board operates as a fact finding body only. The ultimate result of the board must be a determination of the fair market

418

value of the petitioner's parcels of real estate. The appeal to the county board brings to them for consideration only the property of the taxpayer whose list is involved and described in the appeal. 32 V.S.A. §§4441 and 4449; *In re Petition of Town of Essex, supra,* at page 172, 212 A.2d 623.

 Here, the question before the county board did not concern the question of the uniformity of property appraisals within the entire Town of Fairlee. This was not a question submitted to the county board by the appeal of each taxpayer. Moreover, whether there is uniformity in taxes or property appraisals as required by law is not a subject matter within the jurisdiction, or for the determination, of the county board of appraisers. Instead, it is for the courts to decide in appropriate proceedings. *Ibid,* at page 173, 212 A.2d 623. However, in reviewing an appraisal of property of a taxpayer, the board must of necessity consider and make comparisons of appraisals of other similar property in the same general area. This is one of the elements to be used by it in making its decision.

 The averaging of values of a taxpayer's property by different methods was not only improper and procedural error but also it is prejudicial to the taxpayer.

We are constrained to hold that the petition shows errors of law in the procedure adopted and followed by the town officers and county board and requires a recommittal to the board of appraisers. Consequently the writ will issue.

Since the case must be remanded to the county board for reappraisal, we do not reach the question raised by the petitioner that the board failed to properly weigh and appreciate the various methods of determining fair market value. As we said in *In re Petition of Town of Essex, supra,* at page 172, 212 A.2d at page 626, "In its final analysis, fair market value is, and can only be arrived at, by the exercise of sound judgment after consideration of all elements which enter into giving a saleable or market value to the property appraised."

 The fair market value of property is the price that the property will bring when offered for sale by one desiring, but not obliged, to sell; and purchased by one desiring to purchase but under no necessity of buying. It is the price which a piece of property will bring in the market when offered for sale and purchased by another, taking into consideration all the elements of the availability of the

property, its use, potential or prospective, and all other elements which combine to give a piece of property a market value. And generally there is no one controlling element or factor. 51 Am.Jur., Taxation, §701.

The determination of such value must be based upon legitimate evidence. Fair market value should not reside solely upon one criterion and the values shown by the methods used should be weighed and not averaged by the board. Such action is collateral to the ultimate question submitted to them for decision. It must be a determination of what is the fair, economic, just and equitable value under normal conditions.

*The case is remanded to the Commissioner of Taxes to be by him recommitted to the Orange County Board of Tax Appraisers for further hearing and appropriate and correctional action relating to the appraisal of the real property owned by the petitioner in the Town of Fairlee in accordance with the views expressed herein.*

**Smith, J.,** sat but due to illness did not participate in the decision.