## Petition of Town of Mendon

[ 253 A.2d 139 ]

February Term, 1969

Present: **Holden, C.J., Shangraw, Barney, Keyser, JJ., and Billings, Supr. J.**

Opinion Filed April 1, 1969

*Bernard R. Dick, Esq.,* for the Petitioner.

*Bishop & Crowley* for Petitionees-Taxpayers.

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for the State.

**Keyser, J.** This is a petition for a writ of *certiorari* brought by the Town of Mendon to review the action of the Rutland County Board of Tax Appraisers respecting the appraised value of real and personal property in said Town owned by the petitionee taxpayers, Remo Segalla *et als.* The petitionees appealed to the State Tax Commissioner from the 1967 appraisal value placed on· the property by the listers. On appeal to the board of civil authority the valuations remained unchanged.

The property involved consists of à motel with about 20 acres of land and the personal property located thereon. The town appraisal for the real estate was $390,000 and $60,000 for the personal property.

 The writ of *certiorari* issues only when there is no other adequate remedy at law and no other means of review available. Since the county board of appraisers exercises a judicial· function the correctness of their actions will be inquired into where substantial questions of law affecting the merits of a case are in issue. *In re Petition of Town of Essex,* 125 Vt. 170, 171, 212 A.2d 623; *In re Petition of Mallary,* 127 Vt. 412, 250 A.2d 837. The correctional power of

this court extends no further than to keep inferior jurisdictions within the limits of their jurisdiction and see that they exercise it with regularity. *Petition of Mallary, supra.*

The pivotal issue for resolution in this case is whether the county board acted within the scope of its authority and jurisdiction.

The report of findings dated April 1, 1968 and filed with the commissioner of taxes on May 8, 1968 was signed only by the chairman. It states in part that the board considered all questions submitted in writing and examined all real property therein described. The appraisal value determined by the listers and board of civil authority for the real estate is shown as $390,000 and for the personal property as $60,000 for a total of $450,000. Under paragraph 4, Findings of Fact and Opinion, the report concludes:

"We find that the town's appraisal value actually reflects the property's fair market value. However, we find the comparable properties in the Town of Mendon, to wit The Mendon Pico Motor Lodge and the Edelweiss Motel have not been appraised at their fair market value and that they have not been listed at their fair market value. We find the Edelweiss Motel and the Mendon Pico Motor Lodge have been listed at approximately 25 percent of their fair market value. We find there is a conscious and consistent pattern in the Town of Mendon of appraising these comparable taxable properties at less than their fair market value and listing them at approximately 25 percent of their fair market value. Because of this the appellants are entitled to a reduced appraisal.

"The right of the taxpayer whose property alone is taxed at its true value is to have its assessment reduced to the percentage of that value at which other comparable properties are taxed even though this is a departure from the requirement of statute that all property be taxed at true value. The conclusion is based on the principal that when it isn't possible to secure both the standard of true value, in the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law.

"Therefore, the appellant taxpayer is entitled to that actual ratio which reflects a conscious and consistent pattern of under appraisals by the listers of comparable properties in the Town of Mendon.

"The appraised value of the said property of appellants is reduced to $225,000 and the listed value is reduced to $112,500."

By stipulation the following additional facts not otherwise shown by the record were agreed to by the parties. One member of the board, Mr. Battles, by waiver, did not participate either in the proceedings or the findings of the board. The drafting of the report was left to chairman Williams by member Levins, both of whom acted on the appeal. Before the report was drafted these two members of the board agreed to what is found and stated in the opening sentence of paragraph 4 of the report and the concluding paragraph thereof. The remaining portion of that paragraph represents the conclusions of only chairman Williams and is the basis for his decision that the appraisal value ought to be reduced. The report as drafted was filed with the commissioner of taxes without submitting it to Levins.

The two board members were in full agreement, therefore, "that the town's appraisal value actually reflects the property's fair market value" and that "the appraised value of the said property of appellants is reduced to $225,000 and the listed value is reduced to $112,500." Having stipulated these facts, we treat them as the report of the board although it was signed only by the chairman.

The powers of the county board are set forth in 32 V.S.A. §4450. It is there provided that "The appraisers may raise or lower an appraisal made by listers or by the board of civil authority, shall determine the questions so submitted to them within the time fixed by the commissioner, or within such extensions thereof as he may make, and shall report their findings to him in writing in such form as he requests."

"Appraisal value" of both real and personal property means "the estimated fair market value of property." 32 V.S.A. §3481. This court has no power to instruct the county board how they shall form their conclusions and opinion of the fair market value of the property. *In re Town of Essex, supra,* 125 Vt. at 172, 212 A.2d 623. In their determination of the fair market value of the property the subject of a tax appeal, the board of necessity must consider the various factors which give value to the property. One element is, of course, a consideration and comparison of appraisals of other similar properties in the same general area. *In re Petition of Mallary, supra.* This comparison to other properties is only a piece of evidence to be used

by the board in its determination of the fair market value of the property being considered.

 The board in accordance with its statutory duty found the fair market value of both the real and personal property of the taxpayer was $450,000 as determined by the town. It is the fair market value which controls and having found it the board erroneously reduced the valuation by one-half. The question of unequal taxation cannot be raised by tax appeal to the tax commissioner. Constitutional questions are for resolution by the courts, not by the board, in appropriate proceedings. *In re Petition of Mallary, supra.*

 That part of the order between the first and last sentences of paragraph 4 is irrelevant and immaterial to the issue submitted to the board. Not only is the result reached by the board not supported by legitimate findings but it also shows that the board exceeded its jurisdiction by trying to equalize tax appraisals.

Since the petition shows errors of law in the procedure adopted, the writ will issue.

*Petition sustained, issuance of the writ ordered, and, the proceedings being certified to this Court, ordered that the findings of the County Board are quashed, to be recommitted by the Commissioner of Taxes to said Board for further appropriate action and report. Let the judgment be certified to the Commissioner of Taxes.*