# Petition of Richard & Ardelle Villeneuve

[ 256 A.2d 455 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed July 15, 1969

*Gravel, Bing & Shea* for the Petitioners.

*Eric A. Schuppin, Esq.,* for the Petitioner.

**Keyser, J.** The petitioners seeks a review by writ of *certiorari* of the Chittenden County Board of Tax Appraisers respecting the 1968 tax appraisal of real estate owned by them in the town of Underhill. The county board, upon its findings, "denied" the petitioners' appeal and filed its report of findings with the State Tax Commissioner.

The petition is brought against the Town of Underhill to show cause why the writ should not issue. The town filed its answer to the petition and also moved that the petition be dismissed. The main grounds of its motion are that the town is not a proper party to the petition and that the petitioners seek a review of questions of fact determined by the listers and board of civil authority of the town and also a review of the findings of the county board.

The petitioners are owners of numerous parcels of land in the town of Underhill appraised by the listers for a total fair market value of $23,400. On appeal the board of civil authority upheld the decision of the listers on its appraisal of the petitioners' real estate. The petitioners appealed from this action to the State Tax Commissioner under 32 V.S.A. §4441.

Under 32 V.S.A. §4441 a taxpayer aggrieved by the action of the board of civil authority upon an appeal thereto from the listers relating to the appraisal of his property may appeal in writing to the State Tax Commissioner. The notice of appeal must briefly set forth the grounds of the appeal and a brief description and location of the property involved. Triplicate copies of the appeal must be filed with the tax commissioner who then forwards a copy to the town clerk and he in turn notifies the town agent and chairman of the board of listers. 32 V.S.A. §4443. This affords the town an opportunity to present evidence at the hearing required to be held by the county board under 32 V.S.A. §4449. The town has an interest at stake as a party interested in the proceeding.

The appeal to the tax commissioner relates to the action of the board of civil authority in upholding the appraisals made by the listers of five parcels of woodland; namely, Metcalf Lot of 75 acres, Ratte Lot of 100 acres, Haskins Lot of 130 acres, Hahn Lot of 66½ acres and Sage Lot of 44 acres. The petitioners claimed the Ratte Lot was 84 acres, not 100 acres as listed. The appeal to the commissioner states it "is based upon the fact that the Listers of said Town have not appraised said property at its fair market value or listed acreage correctly as required by 32 V.S.A. §4041; and further,

that the taxes have not been uniformly assessed, as required by 32 V.S.A. §4601."

The record does not disclose that the grounds of appeal were ever amended by the petitioners as they may be under 32 V.S.A. §4441 (b).

The report of the county board erroneously found that the listers and board of civil authority determined the total appraised value of the property was $23,900.00. The report described the property only as "several parcels of land in Underhill" and found that the listers' valuations placed on the petitioners' property "are fair and reasonable at $23,900.00." This total valuation is contrary to and not supported by the evidence (exhibits) in the record.

However, the petitioners state in their petition that "this appeal is confined" to the parcel of land known as the Ratte Lot appraised by the listers for 1968 at $2,900.00. The petitioners assert that several questions are presented for review. Briefly stated they are: acreage of the Ratte Lot; mathematical error by the board of civil authority in upholding the listers' valuation of $23,400 as $23,600; failure of the county board to comply with 32 V.S.A. §4449 and 32 V.S.A. §4152; error by the county board in considering land owned by Greenmont Lumber Corporation as being under the appeal; and error by the county board as to the total valuation of petitioners' property.

■■ The writ of *certiorari* issues only when there is no other adequate remedy at law and no other means of review is available. *In re Petition of Town of Mendon, Vt.,* 127 Vt. 502, 253 A.2d 139. The writ brings up for review only substantial questions of law affecting the merits of the case which invloves the judicial action of bodies exercising judicial functions. *In re Petition of Town of Essex,* 125 Vt. 170, 212 A.2d 623.

■ After hearing the appeal the county board reports its findings in writing to the tax commissioner. 32 V.S.A. §4450. The county board has no power to allow or disallow an appeal. *City of St. Albans* v. *Avery,* 95 Vt. 249, 114 A. 31. It merely acts as an agency of the tax commissioner under statutory sanction.

■ The petitioners ask that all of the questions concerning the appraisals and assessments of their real estate in Underhill should be remanded by this Court to the Chittenden County Board of Appraisers for action. It is clear that the petition is being used as a means to

obtain a review of the correctness of the appraisal and other questions of fact. The decision of the county board on factual issues is not reviewable. In the event the board fails to fulfill its statutory duty or consider all of the questions referred to it, the tax commissioner has authority to resubmit the deficiencies to the county board for further findings either by his own action or under instructions of this Court.

No other revisory power rests in the commissioner over the decision of the county board and he is required to accept the action of the county board. He acts as custodian, so to speak, of the report. His duty then is to forward a copy of the findings to both the taxpayer and the town clerk. 32 V.S.A. §4450.

Petitioner's motion to dismiss the petition must be granted. The proceedings below were initiated by and terminated with the tax commissioner as provided by statute. A petition to review the action taken on a tax appeal to the tax commissioner must be directed to him as the record is in his custody. The petitioner's request for an order of remand is deficient in that the custodian of the record has not been made a party to the petition. In other words, the call of the writ cannot be satisfied.

█ Moreover, the questions presented by the petition for review are factual in nature, not substantial questions of law. The facts stated in the petition are insufficient to authorize in our discretion the issuance of the writ. *In re Taconic Racing & Breeding Ass'n., Inc.,* 125 Vt. 76, 77, 209 A. 492 ; *In re Petition of Gertrude R. Mallary,* Vt., 250 A.2d 837.

*Petition dismissed without prejudice.*