## In re Petition of Benjamin Heath

[266 A.2d 812]

No. 22-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 2, 1970

*Divoll & Buckley,* Bellows Falls, for Plaintiff.

*James M. Jeffords,* Attorney General, and *H. Russell Morss, Jr.,* Assistant Attorney General, for the Tax Commissioner.

**Keyser, J.** This is a petition for a writ of *certiorari* brought against the State Tax Commissioner and the Town of Rockingham. The petitioner, a taxpayer in the Town of Rockingham, seeks a review of the action of the Windham County Board of Tax Appraisers in their appraisal of his personal property in said town.

The petitioner operates a store known as "Meatland" in said town. The listers appraised the entire personal property in the

store at a value of $33,802.00. Part of this valuation applied to inventory and part to furniture and fixtures. The writ is addressed only in respect to that part allocated to furniture and fixtures.

The taxpayer appealed to the board of civil authority from the action of the listers. The board denied any relief from the listers' valuation and the taxpayer appealed to the state tax commissioner who referred the appeal to the county board of tax appraisers as provided by 32 V.S.A. § 4446.

In its report submitted to the commissioner the board found the appraisal value of all personalty was $33,802, which is the same amount fixed by the listers and board of civil authority. The board made the following additional findings of fact:

> "The appellant came before the Board with an appraisal report of all the furniture and fixtures located in their food market known locally as 'Meatland.' These figures were substantially lower than those used by the Listers.
>
> After hearing all the testimony, the board took into consideration the method used by the listers to arrive at their values. Several comparable appraisals were checked out to assure us that uniformity prevailed.
>
> . The basic approach by the Listers is to establish original value, reduce this to 50% of F.M.V. and then further reduce by 50% to arrive at a continuing depreciated value for listing purposes.
>
> The Board unanimously recommends that the F.M.V. of $33,802 which includes inventory as well as equipment, be approved as thereby equitable to all parties concerned."

From these findings it is clear that the appealing taxpayer as stated in his petition was contesting only that part of the listers' appraisal which applied to the furniture and fixtures in his store. However, the findings in the report of the board to the commissioner do not state what amount it determined was the fair market value of only that part of the personal property which was the subject of the appeal but included the stock in trade as well.

The tax commissioner moved to dismiss the plaintiff's petition on two grounds (1) that the county board of tax appraisers had not been made a party, and (2) that the petitioner

had failed to produce the record of proceedings before the county board. The town moved to quash the petition (1) for the lack of an adequate record, and (2) on the ground that the petition fails to present a meritorious case.

The commissioner of taxes is a necessary party to the petition only because the record of the appeal is in his custody, *Petition of Villeneuve*, 127 Vt. 620, 256 A.2d 455, and not because he stands in the position of an adversary to the relief sought by the taxpayer. The town is the only party having a vital interest in the outcome of the proceeding since the decision in the case may affect its tax revenue.

 Since the county board of appraisers exercises a judicial function the correctness of their actions will be inquired into where substantial questions of law affecting the merits of a case are in issue. *Petition of Mendon*, 127 Vt. 502, 503, 253 A.2d 139. The correctional power of this Court extends no further than to keep inferior jurisdictions within the limits of their jurisdiction and see that they exercise it with regularity. *Petition of Mallary*, 127 Vt. 412, 415, 250 A.2d 837. The petition on its face, must present a meritorious case and state facts sufficient to authorize the issuance of the writ and this is largely a matter of discretion. *Burton* v. *Town of Springfield*, 124 Vt. 502, 505, 208 A.2d 318.

Here, the question is what is the appraisal value of petitioner's store furniture and fixtures based on its "fair market value" within the legal concepts of that term and in compliance with statutory requirements. Under 32 V.S.A. § 3481, "appraisal value shall mean the estimated fair market value of property."

 The petition and report of the county board disclose that a controversial question of fact was presented to the board for determination. The county board is a quasi-judicial agency acting as triers of fact "touching the questions to be by them determined" as referred to them by the tax commissioner. 32 V.S.A. § 4446. And their findings on the questions so submitted are reported to the commissioner in writing in such form as he requests. 32 V.S.A. § 4450.

 This court will not disturb the determinations of fair market value of real and personal property by the listers or

county board unless errors of law appear which affect the merits of the case or occur in the course of the proceedings. *Petition of Mallary, supra,* at p. 415.

While it is our practice to hear the merits of the case upon the petition and subsequent pleadings and decide whether the writ shall be granted or refused, *Petition of Mallary, supra,* at p. 415, it is necessary that an adequate record be furnished to this Court.

Thus, it is the duty of this Court to examine the evidence and determine whether there was competent proof of facts necessary to authorize the adjudication made, and whether in making it any rule of law affecting the rights of the parties has been violated. And to the end that this Court may review and decide these points, it is necessary that the county board file with the commissioner in addition to the mere record all facts which are material, especially the evidence. It is only by this means that a determination may be made whether private rights have been prejudiced by administrative decisions.

The finding of $33,802 by the county board as appraisal value of the petitioner's personalty is a general finding made at the very outset of its findings. A general finding in favor of one party or another is a finding of every special fact necessary to sustain it and is conclusive as to such facts, if there is evidence to support a finding of their existence. *Cass-Warner* v. *Brickman,* 126 Vt. 329, 333, 229 A.2d 309.

There is nothing in what record we have before us to show whether there is any credible evidence fairly and reasonably supporting the subordinate facts found by the county board which can be held to support the general finding. Omissions in the record are out of the reach of appellate review. *Banker* v. *Dodge,* 126 Vt. 534, 537, 237 A.2d 121.

The tax department issued a handbook in 1958 to aid the listers in the performance of their duties. The handbook suggests the use by the listers of a formula as a method for determining the listed value of equipment. This instruction appears as follows:

"Most of the listers in Vermont are on a part time basis, therefore, it would be an impossible task to maintain such records as previously mentioned. The additional cost makes this method unworkable. With that in mind, we will suggest another method which, while less expensive, would be just as effective and equitable.

Equipment that is taxable as personal property has a comparatively short life compared with the life of real estate. With that thought always before you, why not take the cost of equipment new and deduct 50 per cent to allow for depreciation as long as the machinery is in use. The balance would be the theoretical fair market value against which you would apply your ratio. It would work out as follows:

Cost of NEW EQUIPMENT ................ $5,000
50% allowance for depreciation ............ 2,500
_____
Theoretical fair market value ................ $2,500
Listed value at 30% ................................ 750

If the above method is not used, then cost less depreciation should be employed. It does seem, however, that the above method is the easiest and simplest with the limited amount of time in which to do your work."

We point out that under present law listed value is now fixed at 50%.

The findings of the county board shows the listers basically conformed their appraisal to the foregoing formula in establishing the estimated fair market value of the personalty. If the formula was the producing cause or the sole basis of the appraisal, it was error and without foundation in law. Cost and market value are not necessarily the same. *Smith* v. *State Highway Board,* 125 Vt. 54, 57, 209 A.2d 495.

■■■ The fair market value of property is the price which the property will bring in the market when offered for sale and purchased by another, taking into consideration all the elements of the availability of the property, its use, potential or prospective, and all other elements (such as age and condition) which combine to give property a market value. Generally, there is no one controlling element or factor, *Petition of Mallary, supra,* at p. 418.

The county board rejected the taxpayer's appraisal report placed in evidence before them and attached no significance to his evidence. The record before us does not demonstrate that the fair market value of the personalty was based on the evidence produced. The record is deficient in that it cannot be determined what the value was of just the furniture and fixtures. The findings are ambiguous concerning the appraisals checked by the county board to see that uniformity prevailed. Whether this means that appraisal values of items of personal property similar to these owned by the taxpayer were compared or whether it was the method of appraisal used is unclear.

The record as certified to us, being inadequate as a matter of law to determine the regularity of the exercise of jurisdiction by the county board, requires the matter be remanded for further proceedings by the Windham County Board of Tax Appraisers.

According to the State's brief, the appellees are in search of answers to some additional questions (appellee's brief, p. VI) but these cannot be answered on the inadequate record before us.

*The case is remanded to the Commissioner of Taxes to be by him recommitted to the Windham County Board of Tax Appraisers for further hearing and appropriate and correctional action relating to the appraisal of the furniture and fixtures owned by the petitioner in the Town of Rockingham in accordance with the views expressed herein.*