## Town of Barnet v. New England Power Company

[291 A.2d 396]

No. 95-71

Present: Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 1, 1972

*Arthur L. Graves*, St. Johnsbury, for Plaintiff.

*Paterson, Gibson, Noble & Brownell*, Montpelier, for Defendant.

**Shangraw, J.** This is a petition for a writ of *certiorari* brought by the Town of Barnet to review the action of the State Board of Tax Appraisers respecting the appraised value of its property in said Town for the taxable year 1969.

The listers appraised the property at $5,015,778.00. On appeal to the board of civil authority this value remained unchanged. An appeal was taken to the Commissioner of Taxes and acting under the provisions of 32 V.S.A. § 4465 referred to the State Board of Tax Appraisers for its appraisal and report. The board reduced the appraised value of the New

England Power Company property to $3,443,652.00. The appraisers' report is dated May 24, 1971. Notice was given to the parties June 1, 1971.

The New England Power Company, in its answer to the petition for a writ of *certiorari* and by way of an affirmative defense, moved for a dismissal of the petition on the primary ground that the regular method of review was open to the petitioner, by an appeal, under 3 V.S.A. § 815 which became effective July 1, 1969.

Until April 6, 1970, the procedure for taking tax appeals from the board of civil authority to the Commissioner of Taxes was set forth in 32 V.S.A. §§ 4441, 4443–4451. These sections were repealed April 6, 1970. During the time these sections were in force there appeared no regular means of review of tax appraisals, and as a consequence the accepted method of review was by a petition for a writ of *certiorari*. This proposition was well stated in *Petition of Town of Mendon*, 127 Vt. 502, 503, 253 A.2d 139 (1969), when the Court stated:

> "The writ of *certiorari* issues only when there is no other adequate remedy at law and no other means of review available. Since the county board of appraisers exercises a judicial function the correctness of their actions will be inquired into where substantial questions of law affecting the merits of a case are in issue."

See also *In re Heath*, 128 Vt. 519, 266 A.2d 812 (1970); *Villeneuve* v. *Commissioner of Taxes*, 128 Vt. 356, 264 A.2d 774 (1970); *Petition of Mallary*, 127 Vt. 412, 250 A.2d 837 (1969).

On April 6, 1970, 32 V.S.A. §§ 4461–4468 became effective incorporating Chapter 25 of Title 3, §§ 801–816 and thereby provided a regular means of appeal to this Court from the Commissioner of Taxes.

32 V.S.A. § 4466 provides in part:

> "Unless expressly waived by all parties to the appeal, the provisions of Chapter 25 of Title 3 shall govern all proceedings before the board except where inconsistent with this subchapter."

Section 4466, *supra,* clearly incorporated 3 V.S.A. §§ 801–816 which had previously become effective on July 1, 1969. 3 V.S.A. § 815 provides in part:

"A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision under and in accordance with the provisions of sections 2381 through 2390 of Title 12."

Chapter 102, Title 12, §§ 2381–2390 relate to appellate procedure generally.

Thus under the Administrative Procedure Act a means of appeal to this Court was provided for in this case effective as of April 6, 1970.

The Vermont Supreme Court has long denied petitions for writs of *certiorari* when a regular means of appeal exists. A recent denial of a petition for such a writ occurred in *Petition of Bertha LaFreniere,* 126 Vt. 204, 206, 227 A.2d 301 (1967), where the petitioner sought to test the legality of the election of a representative to the assembly. The petition was denied for the failure of the petitioner to resort to the statutory procedures provided for such challenges. The Court in *LaFreniere, supra,* 126 Vt. at 206, concluded by saying:

"Having failed to resort to the statutory procedure, the extraordinary remedies of *mandamus,* prohibition or *certiorari* are not available to her."

■ A writ of *certiorari* issues only when there is no other adequate remedy at law and no other means of review is available. *Petition of Town of Essex,* 125 Vt. 170, 171, 212 A.2d 623 (1965). See *Burton* v. *Selectmen, Town of Springfield,* 124 Vt. 502, 208 A.2d 318 (1965); *In re Taconic Racing & Breeding Assn., Inc.,* 125 Vt. 76, 209 A.2d 492 (1965).

The appeal to the Commissioner of Taxes was taken June 15, 1970. 3 V.S.A. §§ 801–816 went into effect on July 1, 1969. 32 V.S.A. §§ 4461–4468, became effective April 6, 1970. The legislative act, No. 253, Acts of 1969, Adjourned Session of Legislature (32 V.S.A. §§ 4461–4468), does not indicate an intent that it shall not be applied to pending appeals.

Even though this litigation was set in motion by the listers of the Town of Barnet by notice to the New England Power Company on May 8, 1969, of their appraisal of the property at $5,015,778.00 and subsequently appealed by the taxpayer to the Board of Civil Authority and later to the Commissioner of Taxes, the appellate statutes hereinbefore referred to do not affect substantial rights. They are procedural in nature and apply to pending actions. *Johnson* v. *Smith,* 78 Vt. 145, 149, 62 A. 9 (1905); *Petition of Reed,* 129 Vt. 102, 272 A.2d 127, 128, 129 (1970).

The requirements of a valid appeal are statutory and the jurisdiction of the court to which the appeal is taken depends upon a compliance with the statute. *State* v. *Brown,* 121 Vt. 459, 460, 160 A.2d 879 (1960). In the *Reed* case, *supra,* this issue was not placed before us, and therefore was not dealt with. For failure on the part of the petitioner to appeal in accordance with the provisions of the statutes the petition cannot be maintained.

*Petition dismissed.*