## James Porter v. Town of Newark

[488 A.2d 769]

No. 82-529

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed February 1, 1985

*James M. Porter,* pro se, Newark, Plaintiff-Appellant.

*Swainbank, Morrissette, Neylon & Hickey,* St. Johnsbury, for Defendant-Appellee.

**Per Curiam.** The plaintiff challenges the appraisal of his real estate listed in the 1982 grand list for the town of Newark. He appeals a ruling of the State of Vermont Board of Appraisers upholding the appraisal made by the Board of Listers and the Board of Civil Authority. We affirm.

The plaintiff alleges that the town illegally included in its appraisal the value of his water and sewer systems. He claims that, because state law required him to install and maintain such systems, it is unjust and illegal for the town to include the value of these systems in the appraisal of his real estate.

A town may tax real estate within its boundaries based on its grand list. 17 V.S.A. § 2664. The grand list is based on the listed value of the real and personal property in the town. The listed value of property "shall be an amount equal to 100 percent of the appraisal value." 32 V.S.A. § 3481(2).

"Appraisal value" shall mean the estimated fair market value. The estimated fair market value of a property is the price which the property will bring in the market when offered for sale and purchased by another, taking into consideration all the elements of the availability of the property, its use both potential and prospective, any functional deficiencies, and all other elements such as age and condition which combine to give property a market value. . . .

32 V.S.A. § 3481(1).

█ █ The only issue we must decide herein is whether the appraisal value reflects the fair market value of plaintiff's real estate. In the instant case, the plaintiff has made no allegation that his real estate was not appraised at its fair market value, but argues that the water and sewer systems should not enter into that appraisal. Water and sewer systems are items which may enhance the market value of a piece of property when appurtenant to it. See *In re Town of Essex*, 125 Vt. 170, 172, 212 A.2d 623, 626–27 (1965) (fair market value determined by considering all elements giving property a saleable or market value). Thus, regardless of whether they were installed upon the land voluntarily, or as required by law, their value may be considered by the town in its overall appraisal of plaintiff's real estate.

*Affirmed.*